MICHIGAN STATE POLICE COMMAND OFFICERS'
ASSOCIATION, INC. v DEPARTMENT OF PUBLIC SAFETY

1. MASTER AND SERVANT—WAGES—SALARY—WORDS AND PHRASES—
PAYMENT FOR SICK LEAVE.

A "salary" is compensation for services, and payment to an
employee for sick leave is not "salary".

2. ADMINISTRATIVE LAW—STATE POLICE—RETIREMENT BENEFITS—AV-
ERAGE ANNUAL SALARY—SICK LEAVE—STATUTES.

A long-standing administrative practice of excluding accumulated
unused sick leave from average annual salary in the computa-
tion of retirement benefits for state police officers, and the
acquiescence therein by the Legislature, should not be over-
ruled without cogent reasons for adopting a differing construc-
tion of the statute which governs those benefits (MCLA 28.107;
MSA 3.337).

Appeal from Court of Claims, John W. Baker, J.
Submitted November 9, 1977, at Lansing. (Docket
No. 77-436.) Decided December 8, 1977. Leave to
appeal denied, 402 Mich —.

Complaint in the Court of Claims by the Michi-
gan State Police Command Officers' Association,
Inc., and by 1st Lt. William T. Cram, retired, for
himself and on behalf of all others similarly situ-
ated, against the Department of Public Safety,
Department of State Police, and the State Admin-
istrative Board for payment of additional pension
benefits under the pension program for retirees of
the Michigan State Police. Judgment for plaintiff
Cram, allowing adjusted back pension benefits.

REFERENCES FOR POINTS IN HEADNOTES
[1] 53 Am Jur 2d, Master and Servant § 72.
[2] 2 Am Jur 2d, Administrative Law § 237.

Defendants appeal, and plaintiffs cross-appeal. Reversed.

*Sloan, Zarbock & Risdon,* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Mary Kay Bottecelli,* Assistant Attorney General, for defendants.

Before: QUINN, P. J., and V. J. BRENNAN and C. L. BOSMAN,* JJ.

QUINN, P. J. This is an appeal and cross-appeal from a judgment entered by the Court of Claims in an action designated as a class action. Plaintiffs sought payment of pension benefits under the program established for retirees of Michigan State Police. Defendants are the state departments administering the "Michigan Department of Public Safety Pension, Accident & Disability Fund", created pursuant to MCLA 28.101 *et seq.;* MSA 3.331 *et seq.* Plaintiffs alleged that defendants had wrongfully excluded payment for accumulated, unused sick leave from average annual salary in computing the retirement benefits for members of the Michigan Department of Public Safety Pension, Accident & Disability Fund.

MCLA 28.107; MSA 3.337 provides that the pension benefits of its members are based upon 50 percent of the average annual salary for the last two years of service for which such members were paid. In calculating pension rates, the pension board had included the items of base pay and overtime, longevity pay, and annual leave as salary, but had excluded accumulated sick leave as an element in the computations. By way of background, annual leave and 50 percent of sick leave

---
* Circuit judge, sitting on the Court of Appeals by assignment.

accumulations are both paid in lump sums at retirement. Unlike annual leave which has a limit of 240 hours, sick leave accumulation has no limit. The exclusion of sick leave accumulations in pension computations has existed since 1954 when the practice of making lump sum payments was instituted.

The Court of Claims held that the exclusion of the payment for accumulated sick leave in computing pension rates was improper. Plaintiff Cram was held to be entitled to back pension benefits corrected for the improper exclusion, minus any employee contribution that would have been paid out of the accumulated sick leave to the pension fund and should receive such corrected pension benefits for the three-year period prior to filing of the complaint because of the applicability of the statute of limitations of the Court of Claims Act barring claims accruing prior to that period.

Of the several issues raised on appeal and cross-appeal, we find that one is dispositive of both appeals. That issue is whether the pension board was correct in excluding the lump sum payment for accumulated, unused sick leave from annual salary in the computation of retirement benefits. The Court of Claims held that the exclusion was incorrect. We hold that the exclusion was correct.

In pertinent part, MCLA 28.107; MSA 3.337 reads:

"A member who retires after 25 years of service, or because of duty incurred total disability, shall receive an annual pension payable monthly, equal to 50% of the average annual salary for the last 2 years of service for which the member was paid."

The key to decision is the meaning of the phrase

"average annual salary for the last two years of service".

In *People v Lay,* 193 Mich 476, 488; 160 NW 467 (1916), "salary" is defined as "a periodical allowance made as compensation to a person for his official or professional services or for his regular work". In *Beach v Kent,* 142 Mich 347, 356; 105 NW 867 (1905), it is defined as "a fixed annual or periodical payment for services depending upon the time and not upon the amount of service rendered". By statute and by Supreme Court definition "salary" is paid for service, not sick leave.

This comports with our understanding of the Civil Service Commission's rules governing payment of sick leave. That commission has exclusive authority over compensation of classified state employees, Const 1963, art 11, § 5. Pertinent rules of the commission on sick leave provide:

"10.1 Allowance.—Every continuing full time employee in the state classified service shall be entitled to sick leave with pay of one-half work day (four hours) for each completed biweekly work period.

"10.8 No Advance Credit.—Sick leave shall not be allowed in advance of being earned. If an employee has insufficient sick leave credits to cover a period of absence, no allowance for sick leave shall be posted in advance or in anticipation of future leave credits. In the absence of applicable leave credits, payroll deduction for the time lost shall be made for the work period in which the absence occurred.

"10.13 Payment at Retirement.—An employee who separates from the state classified service for retirement purposes in accordance with the provisions of a state retirement act shall be paid for fifty percent of his unused sick leave as of the effective date of separation. Such payment shall be made at the employee's current rate of pay by the agency from which the employee retires."

Additionally, the long-standing administrative practice of excluding payment for accumulated, unused sick leave from average annual salary in the computation of retirement benefits and the legislative acquiescence therein should not be overruled without cogent reasons, *Magreta v Ambassador Steel Co,* 380 Mich 513, 519; 158 NW2d 473 (1968). We find no cogent reasons for overruling the administrative construction of MCLA 28.107; MSA 3.337.

The issue we have disposed of as we have obviates discussion of all the other issues raised on the appeal and the cross-appeal.

Reversed but without costs, a public question being involved.