LANSING FIRE FIGHTERS ASSOCIATION LOCAL 421 v BOARD
OF TRUSTEES OF THE CITY OF LANSING POLICEMEN'S &
FIREMEN'S RETIREMENT SYSTEM

Docket No. 77-4840. Submitted January 9, 1979, at Lansing.—Decided
June 5, 1979. Leave to appeal applied for.

Lansing Fire Fighters Association Local 421, International Asso-
ciation of Fire Fighters, AFL-CIO, and all individual persons
receiving benefits from the City of Lansing Policemen's and
Firemen's Retirement System, after exhausting grievance pro-
cedures, filed a complaint for mandamus against the Board of
Trustees of the City of Lansing Policemen's and Firemen's
Retirement System. The plaintiffs claimed that the defendant
board had erroneously calculated pension benefits and re-
quested that the board be ordered to include the lump-sum
payments made for accrued unused vacation in the sum total of
compensation for the purpose of computing pension benefits.
Ingham Circuit Court, Jack W. Warren, J., issued an order
excluding lump-sum payments for accrued vacation time from
the wage base in calculating pension benefit levels. Plaintiffs
appeal. The question on appeal is whether the retiree's accrued
unused vacation pay is to be included as compensation in
calculating the final average compensation for pension benefits.
*Held:*

Compensation, for computation of the average final compen-
sation for pension benefit purposes, is based upon the pay
which is received by a member each year for work done that
year and includes base salary, longevity pay, shift differential
pay, holiday pay and overtime pay; it does not include pay-
ments for accumulated sick or vacation time because those
payments are made at the time of separation and are not made
regularly during a worker's tenure.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 60 Am Jur 2d, Pensions and Retirement Funds §§ 33, 62, 63.
What constitutes "salary," "wages," "pay," or the like, within
pension law basing benefits thereon. 14 ALR2d 634.

[2] 60 Am Jur 2d, Pensions and Retirement Funds §§ 2, 63.
What constitutes "salary," "wages," "pay," or the like, within
pension law basing benefits thereon. 14 ALR2d 643.

1. MUNICIPAL CORPORATIONS — PENSIONS — RETIREMENT PLANS —
   FIREMEN AND POLICEMEN — AVERAGE FINAL COMPENSATION —
   WORDS AND PHRASES — STATUTES.

   Average final compensation, as the term is used in the fire and
   police department pension act, means the average of the high-
   est annual compensation received by a member during a cer-
   tain number of years immediately preceding that member's
   retirement (MCL 38.556[1][f]; MSA 5.3375[6][1][f]).

2. MUNICIPAL CORPORATIONS — PENSIONS — RETIREMENT PLANS —
   FIREMEN AND POLICEMEN — ANNUAL COMPENSATION — AVER-
   AGE FINAL COMPENSATION — WORDS AND PHRASES — STATUTES.

   Annual compensation received, and compensation, as these terms
   are used in the fire and police department pension and retire-
   ment act, have reference to that pay or the average of that pay
   which is received by a member each year for work done that
   year and includes base salary, longevity pay, shift differential
   pay, holiday pay and overtime pay because those payments are
   made and received annually for work done that year; it does
   not include payments for accumulated sick or vacation time
   because those payments are made at the time of separation and
   are not made regularly during a worker's tenure (MCL 38.551
   *et seq.;* MSA 5.3375[1] *et seq.*).

*Marston, Sachs, Nunn, Kates, Kadushin &
O'Hare, P.C.* (by *Ronald R. Helveston),* for plain-
tiffs.

*James T. Heos,* Senior Assistant City Attorney,
for defendant.

Before: V. J. BRENNAN, P.J., and M. F. CAV-
ANAGH and C. J. HOEHN,* JJ.

V. J. BRENNAN, P.J. The individual plaintiffs are
all persons receiving benefits from the City of
Lansing Policemen's and Firemen's Retirement
System. The plaintiffs claimed that the defendant
board had erroneously calculated pension benefits,
and after exhausting grievance procedure, filed a
complaint for mandamus in the Ingham County

---

*Circuit judge, sitting on the Court of Appeals by assignment.

Circuit Court. The complaint requested that the board be ordered: (1) to include the lump-sum payments made for accrued unused vacation in the sum total of "compensation" for the purpose of computing pension benefits, and (2) to refrain from adjusting the employees' retirement dates to include unused vacation time in the computation of benefits.

On December 5, 1977, the lower court issued an order prohibiting the board from adjusting the employees' retirement date in the computation of benefits but excluding lump-sum payments for accrued vacation time from the wage base in calculating pension benefit levels. The plaintiffs appeal as of right.

Neither side disputes the lower court's order prohibiting the defendant from adjusting (either actually or constructively) the date of retirement in its calculation of pension benefits. Therefore we need not address that aspect of the lower court's opinion.

We are faced with one question on appeal: Whether, pursuant to the Lansing city charter, the retiree's accrued unused vacation pay is to be included within the term "final average compensation" in computing pension benefits. The pertinent provisions of the city charter (Chapter 16) are as follows:

"The City of Lansing policemen and firemen retirement system, hereinafter called the retirement system, is hereby established for the purpose of providing retirement allowances for policemen and firemen of the City of Lansing and certain death benefits for their dependents, under the provisions of this Chapter." § 1.

"There is hereby created a board of trustees in whom is vested the general administration, management, and responsibility for the proper operation of the retirement

system and for construing and making effective the provisions of this chapter." § 2.

" 'Final average compensation' means the monthly average of the compensations paid a member during the period of 24 highest consecutive months of his credited service immediately preceding the date his employment by the city as a policeman or fireman last terminates. If he has less than 24 months of credited service his final average compensation shall be the monthly average of the compensations paid him for his total period of credited service." § 12(n).

" 'Final compensation' means a member's monthly rate of compensation at the time his employment by the city as a policeman or fireman last terminates." § 12(o).

"Upon a member's retirement as provided in this chapter he shall receive a retirement allowance equal to the sum of 2 per cent of his final average compensation multiplied by the number of years, and fraction of a year, of his credited service not to exceed 25 years, plus one per cent of his final average compensation multiplied by the number of years, and fraction of a year, of his credited service which is in excess of 15 years; * * *." § 19(a).

The plaintiffs argue that the accrued vacation pay is "compensation" and as such is to be included in the formula set forth in § 19(a) above. Based on well established case law on point we disagree.

This precise issue was raised before this Court in *Stover v Retirement Board of the City of St Clair Shores Firemen & Police Pension System,* 78 Mich App 409, 412-413; 260 NW2d 112 (1977), concerning the term "average final compensation" as set forth in MCL 38.556(1)(f); MSA 5.3375(6)(1)(f). There the Court held:

"We have no particular difficulty in determining the meaning of the statute in question. Average final com-

pensation means the average of the highest *annual compensation received* by a member during a certain number of years *immediately preceding that member's retirement.* Annual compensation received refers to that pay which is received by a member each year for work done that year. Annual compensation received includes base salary, longevity pay, shift differential pay, holiday pay and overtime pay because those payments are made and received annually for work done that year. Annual compensation received *does not include unused sick or vacation payments* because those payments are not made regularly during a worker's tenure with the city. Those payments are properly viewed as a retirement bonus received at retirement and not as annual compensation received during a certain number of years immediately preceding the member's retirement." (Emphasis in original.)

The above reasoning equally applies to the term "final average compensation" as set forth in the city charter. Additionally we point out that the board, being in charge of administration of the pension program, has reasonably interpreted the charter in light of objects and purposes sought to be accomplished. As such we find no cogent reasons for overruling the board's construction of the charter as it relates to the exclusion of accrued vacation time from retirement benefit computation. See *Michigan State Police Command Officers' Ass'n, Inc v Dep't of Public Safety,* 80 Mich App 278; 263 NW2d 47 (1977).

The lower court's order is affirmed.