LIEUTENANTS & SERGEANTS ASSOCIATION, SEAWAY LODGE 154, FRATERNAL ORDER OF POLICE v CITY OF RIVERVIEW

Docket No. 47698. Submitted June 17, 1980, at Detroit.—Decided October 22, 1981. Leave to appeal applied for.

The Lieutenants and Sergeants Association, Seaway Lodge 154, Fraternal Order of Police brought an unfair labor practice charge against the City of Riverview before the Michigan Employment Relations Commission (MERC), alleging violation of the public employment relations act by the city in unilaterally altering a condition of employment by adopting a policy for the computation of retirement benefits for union members. Following a hearing, an administrative law judge ruled that the city's action was not violative of the existing collective-bargaining agreement. The union appealed to MERC which, following review, held that the city had made a unilateral change concerning a mandatory subject of collective bargaining and ordered the city, *inter alia,* to rescind the change and to negotiate any proposed change with the union. The city appeals. *Held:*

1. MERC properly concluded that the city unilaterally adopted a policy concerning a mandatory subject for collective bargaining.

2. The record reveals that MERC's findings of fact relative to the change in policy adopted by the city was supported by competent, material, and substantial evidence.

Affirmed.

J. E. TOWNSEND, J., dissented. He would hold that because the dispute between the union and the city occurred during the term of an employment contract and involved interpretation and construction of the contract language, the city's adoption of a policy did not constitute an unfair labor practice, although

REFERENCES FOR POINTS IN HEADNOTES

[1] 48 Am Jur 2d, Labor and Labor Relations §§ 998, 1073, 1081.
Bargainable or negotiable issues in state public employment labor relations. 84 ALR3d 242.
[2, 5] 48 Am Jur 2d, Labor and Labor Relations §§ 1004, 1093.
[3] 48 Am Jur 2d, Labor and Labor Relations § 1093.
[4] 48A Am Jur 2d, Labor and Labor Relations § 1761.

the correctness of the interpretation was subject to challenge by the union. He would reverse.

OPINION OF THE COURT

1. LABOR RELATIONS — COLLECTIVE BARGAINING — MANDATORY BARGAINING SUBJECTS.

Unilateral action concerning subjects classified as mandatory for collective bargaining may not be taken by either party engaged in the collective-bargaining process absent an impasse in negotiations.

2. LABOR RELATIONS — COLLECTIVE BARGAINING — RETIREMENT BENEFITS — STATUTES.

Retirement benefits and the manner in which they are computed are mandatory subjects for collective bargaining (MCL 423.210; MSA 17.455[10]).

3. LABOR RELATIONS — COLLECTIVE BARGAINING — RETIREMENT BENEFITS — UNILATERAL POLICY CHANGES.

An adoption by an employer of a written rule concerning the computation of retirement benefits where no rule had existed previously or where prior practice was inconsistent constitutes a unilateral change in working conditions and is properly a mandatory subject for collective bargaining.

4. LABOR RELATIONS — ADMINISTRATIVE DECISIONS — APPEAL — STATUTES.

The Court of Appeals will not disturb findings of fact by the Michigan Employment Relations Commission which are supported by competent, material, and substantial evidence on the record as a whole (MCL 423.216[d]; MSA 17.455[16][d]).

DISSENT BY J. E. TOWNSEND, J.

5. LABOR RELATIONS — EMPLOYMENT CONTRACTS — CONSTRUCTION OF CONTRACT LANGUAGE — RETIREMENT BENEFITS — UNFAIR LABOR PRACTICES.

*Each party to an employment contract has the right to interpret and construe existing contract language during the term of a labor contract, subject to a challenge of its interpretation; the adoption by an employer of a reasonable definition of existing contract language concerning the computation of retirement benefits should not constitute an unfair labor practice.*

*John A. Lyons,* for charging party.

*Logan & Huckla* (by *Charles E. Wycoff*), for respondent.

Before: N. J. KAUFMAN, P.J., and CYNAR and J. E. TOWNSEND,* JJ.

PER CURIAM. Respondent, City of Riverview (hereinafter city), appeals from a decision of the Michigan Employment Relations Commission (hereinafter MERC) in favor of charging party Lieutenants and Sergeants Association, Seaway Lodge 154, Fraternal Order of Police (hereinafter union). The union claimed a violation of § 10 of the public employment relations act (hereinafter PERA), MCL 423.210; MSA 17.455(10), on the grounds that the city unilaterally altered a condition of employment by adopting a policy of excluding accumulated sick and vacation time from the computation of "final average earnings" for the purpose of calculating retirement benefits due union members.

On November 30, 1978, the matter was brought for a hearing before an administrative law judge, and, on April 26, 1979, a decision and order was issued which held, in pertinent part, that the city previously had not had a uniform policy of inclusion of accumulated time in the computation of benefits and that, for this reason, the city did not violate the agreement by establishing a policy where none previously had existed.

The union appealed to MERC, and, in an opinion and order dated September 27, 1979, MERC found that the charging party had failed to meet its burden of proving a prior pattern of inclusion of accumulated vacation and sick time in computation of pension benefits. Nevertheless, MERC con-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

cluded that the city could not unilaterally adopt a policy concerning a mandatory subject of collective bargaining without first submitting the proposed plan for negotiation. We agree.

Retirement benefits are a mandatory subject of collective bargaining. *Detroit Police Officers Ass'n v City of Detroit,* 391 Mich 44; 214 NW2d 803 (1974). Furthermore, the manner by which retirement benefits are computed is also subject to collective bargaining under § 10(1)(e) of the PERA. *Mt Clemens Fire Fighters Union, Local 838, IAFF v City of Mt Clemens,* 58 Mich App 635; 228 NW2d 500 (1975). Where a subject has been classified as a mandatory subject of bargaining, neither party may take unilateral action on the subject absent an impasse in negotiation. *Central Michigan University Faculty Ass'n v Central Michigan University,* 404 Mich 268; 273 NW2d 21 (1978).

The computation of benefits in the instant case was based on a city ordinance—previously a city charter provision—using the terms "final average earnings" and "final earnings". The terms are not specific as to the question of inclusion or exclusion of accumulated vacation and sick time. As evidence of the uncertainty in this regard, the city admittedly sometimes included and sometimes excluded the accumulated vacation and sick time when computing retirement benefits of its employees.

Relying on *In the Matter of Highland Park School Dist v Highland Park Ass'n of School Administrators,* 1976 MERC Lab Op 622, the City of Riverview characterizes its adoption of a policy excluding accumulated vacation and sick time from the computation of "final average earnings" as the correction of an erroneous method of calculating pension benefits, and, as such, not subject to

collective bargaining. MERC had characterized this same action as a "unilateral change in working conditions", and, therefore, the proper subject of collective bargaining.

The city contends that because no consistent policy existed as to the calculations at issue, no unilateral change in policy could possibly have been made. Semantic gymnastics notwithstanding, it is our belief that it is equally as, if not more, realistic to characterize the adoption of a written rule where none had existed previously as a unilateral change in working conditions and, hence, a proper subject for collective bargaining. See, *Detroit Police Officers Ass'n, supra.*

If perhaps one or two of the employees in question had had the sick and vacation pay calculated into their pensions while all the rest did not, we would find the city's construction of its action as the correction of an erroneous method of calculation more tenable. However, the city, in its brief, acknowledges that sick and vacation time had been calculated into 5 or 6 of the 13 pensions about which testimony was heard. These figures indicate the absence of any policy, rather than a policy incorrectly interpreted in a few instances.

Believing, as we do, that the new rule changed the definition of final average compensation, MERC was correct in holding that such change in the police retirement plan should have been the subject of collective bargaining. *Detroit Police Officers Ass'n, supra.* Likewise, as noted, the manner of computation of retirement benefits is the proper subject of collective bargaining. See, *Mt Clemens Fire Fighters Union, supra.* Agreeing that a unilateral change is made when a formal policy is instituted where prior practice was, at best, inconsistent, we affirm the MERC ruling to that effect.

This Court is bound to accept MERC's findings of fact which are supported by competent, material, and substantial evidence on the whole record. MCL 423.216(d); MSA 17.455(16)(d). Given the limited scope of review of the factfinding by an administrative tribunal, *Knight-Morley Corp v Employment Security Comm,* 350 Mich 397; 86 NW2d 549 (1957), and because we find the MERC interpretation of the policy in question equally plausible—and significantly more fair—than the interpretation by the city, the MERC ruling should be affirmed. See, *Michigan Employment Relations Comm v Detroit Symphony Orchestra, Inc,* 393 Mich 116, 124; 223 NW2d 283 (1974). In affirming this ruling, the MERC order is reinstated, to be effective 20 days from the receipt of this opinion.

Affirmed. No costs, a question of statutory interpretation being involved.


J. E. TOWNSEND, J. *(dissenting)*. I respectfully dissent. If this dispute had arisen in the context of the negotiation of an initial employment contract or in the negotiation of revised contract language for a new contract term, I would agree that appellant, City of Riverview, would have had an obligation to negotiate contract terms affecting retirement benefits.

Rather, this dispute arose during the term of an employment contract and involved the appropriate definition and interpretation of existing contract language.

Each party to an employment contract has the right to interpret and construe existing contract language during the term of a labor contract, subject to a challenge as to the correctness of such interpretation. The propriety of such action is particularly apparent when the interpretation and

definition adopted by the city is identical to that adopted by two panels of this Court. *Stover v Retirement Board of the City of St Clair Shores Firemen & Police Pension System,* 78 Mich App 409; 260 NW2d 112 (1977), *lv den* 402 Mich 879 (1978), and *Lansing Fire Fighters Ass'n Local 421 v Board of Trustees of the City of Lansing Policemen's & Firemen's System,* 90 Mich App 441; 282 NW2d 346 (1979), *lv den* 407 Mich 957 (1980).

Nor is the case of *Mt Clemens Fire Fighters Union, Local 838, IAFF v City of Mt Clemens,* 58 Mich App 635; 228 NW2d 500 (1975), of significance in this case. The City of Riverview had no previously established policy to include accumulated vacation and sick time in the computation of pension benefits. There being no definition by estoppel as the result of a previously established policy, the city had the right to adopt reasonable definitions of the terms "final average earnings" and "final earnings".

I would submit that the adoption of a reasonable definition of existing contract language should not constitute an unfair labor practice. To rule otherwise means that parties to employment contracts are subject to a continuing obligation to negotiate the definition and interpretation of existing contract language during the term of the contract. I would suggest that such a rule effectively eliminates any rule of finality with respect to contract language and would impose an unwarranted, never-ending obligation to bargain revisions of existing contract language.