MID-MICHIGAN EDUCATION ASSOCIATION (MEA-NEA) v ST
CHARLES COMMUNITY SCHOOLS

Docket No. 83389. Submitted January 14, 1986, at Detroit.—Decided
April 9, 1986.

The Mid-Michigan Education Association, as the certified collective bargaining agent for teachers and other workers employed by St. Charles Community Schools, filed an unfair labor practice charge before the Michigan Employment Relations Commission against St. Charles Community Schools. The union charged that the school district committed an unfair labor practice in violation of a statute, MCL 423.210, when it unilaterally changed its policy of providing married employees, who are covered under their spouses' health insurance plans, with coordination of health insurance benefits under its own health insurance plan. MERC found that the school district committed an unfair labor practice as charged by the union. The school district appealed to the Court of Appeals, which remanded the case to MERC for clarification. On remand, MERC issued a decision and order articulating the basis for its determination that the school district had committed an unfair labor practice. *Held:*

1. MERC's findings that the school district, contrary to a provision in the collective bargaining agreement, had a practice of permitting its teachers, who were covered by their spouses' health insurance plans, to receive coordinated health insurance benefits under the school district's health insurance plan and that such practice constituted an existing term or condition of employment were supported by competent, material and substantial evidence on the whole record.

2. Health insurance benefits are a mandatory subject of collective bargaining and may not be unilaterally modified by

REFERENCES

Am Jur 2d, Labor and Labor Relations §§ 554, 650-826, 1090, 1770, 1786-1800, 2467, 2472.

Bargainable or negotiable issues in state public employment labor relations. 84 ALR3d 242.

See also the annotations in the ALR3d/4th Quick Index under Health and Accident Insurance Policies and Provisions.

an employer, in the absence of an impasse in collective bargaining or a waiver by a union of its right to bargain.

3. The Court agreed with MERC's determination that the school district had committed an unfair labor practice when it changed its policy regarding coordination of health insurance benefits without providing the union with either notice or an opportunity to bargain.

4. The Court remanded the case to MERC for a determination of whether MERC's decision and order applies to the parties' 1983-1986 collective bargaining agreement in addition to the 1982-1983 collective bargaining agreement.

Affirmed in part and remanded.

1. LABOR RELATIONS — APPEAL — EMPLOYMENT RELATIONS COMMISSION.

Findings by the Michigan Employment Relations Commission are to be upheld on appeal when such findings are supported by competent, material, and substantial evidence; the Court of Appeals may review the law involved in a dispute regardless of the factual findings of the commission.

2. LABOR RELATIONS — PUBLIC EMPLOYEES — PUBLIC EMPLOYMENT RELATIONS ACT.

The public employment relations act governs labor relations in public employment; the act prohibits an employer from refusing to bargain collectively with its employees over subjects classified as mandatory subjects of collective bargaining (MCL 423.210[1][e]; MSA 17.455[10][1][e]).

3. LABOR RELATIONS — PUBLIC EMPLOYEES — PUBLIC EMPLOYMENT RELATIONS ACT — UNILATERAL MODIFICATION OF COLLECTIVE BARGAINING AGREEMENTS.

The public employment relations act prohibits unilateral action concerning subjects classified by the act as mandatory subjects of collective bargaining, absent an impasse in collective bargaining negotiations; a past practice by an employer, which does not derive from the express terms of a collective bargaining agreement but which becomes a part of the employer's structure and condition of employment, assumes the same significance as other terms of employment and is similarly protected from unilateral change (MCL 423.201 *et seq.;* MSA 17.455[1] *et seq.).*

4. LABOR RELATIONS — COLLECTIVE BARGAINING — HEALTH INSURANCE BENEFITS.

Health insurance benefits are mandatory subjects for collective bargaining; an employer may not change its policies regarding

such benefits without providing its employees' collective bargaining agent with notice and an opportunity to bargain before making any changes (MCL 423.210; MSA 17.455[10]).

5. Labor Relations — Collective Bargaining Agreements — Judicial Construction.

Where language used by parties in a collective bargaining agreement has a meaning established by past practice, the language will be presumed to have the meaning given to it by past practice.

6. Labor Relations — Collective Bargaining — Waiver.

A right to bargain over a term of employment that is a mandatory subject of collective bargaining may be waived by a labor union; such waiver must be clear and unmistakable.

7. Labor Relations — Collective Bargaining — Unfair Labor Practices — Public Employment Relations Act.

A public employer who takes a unilateral action regarding a mandatory subject of collective bargaining, absent an impasse in negotiations or a waiver by its employees of their right to collective bargaining, fails to bargain collectively and may be found to have committed an unfair labor practice (MCL 423.210[1][e]; MSA 17.455[10][1][e]).

*Hiller, Larky & Hoekenga* (by *Daniel J. Hoekenga)*, for charging party.

*Keller, Thoma, Schwarze, Schwarze, DuBay & Katz, P.C.* (by *John L. Gierak* and *Donna R. Nuyen),* for respondent.

Before: D. F. Walsh, P.J., and Cynar and N. J. Kaufman,* JJ.

Per Curiam. On February 7, 1983, charging party-appellee, Mid-Michigan Education Association, filed an unfair labor practice charge against respondent-appellant, St. Charles Community Schools. On May 20, 1983, a hearing was held before the Michigan Employment Relations Com-

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

mission. On February 7, 1985, MERC issued its decision and order finding that the district had committed an unfair labor practice in violation of MCL 423.210; MSA 17.455(10) when it unilaterally changed the practice of providing married employees with coordination of health insurance benefits under the district's health insurance plan. The district appealed as of right from that order. This Court remanded the case to MERC for clarification and, on or about July 19, 1985, MERC issued a decision and order on remand articulating the basis for its determination that the district had committed an unfair labor practice.

Like prior contracts, the 1982-83 collective bargaining agreement between the parties contains the following provision:

"The Board agrees to contribute up to a maximum of ninety-five (95%) percent per month toward the total monthly premium cost of hospitalization-medical insurance coverage for each full-time, certified, contracted employee who has authorized a payroll deduction for Blue Cross/Blue Shield, MESSA, GHS (Group Health Service of Michigan) hospitalization-medical insurance or a similar hospitalization-medical insurance plan that is approved by the Board for payroll deduction, *provided the teacher is not covered by any other insurance carrier for hospitalization-medical insurance.*" (Emphasis added.)

In spite of this provision, the district began to permit coordination of benefits in 1980 in response to a ruling by the Attorney General which concluded that a school district could not deny health care benefits to an employee because the employee's spouse received insurance from another source. See OAG 1979-1980, No 5645, p 589 (February 5, 1980). At the MERC hearing, several union teachers testified that in 1980 they applied to the

district for coordinated benefits and received them until they were notified in 1983 that the district would no longer provide the benefits "[a]s per the agreement between the Union and the Board".

The superintendent of the district testified at the hearing that the district began to reinforce the provision in 1983 following a decision by the Oakland County Circuit Court which rejected the Attorney General's conclusion. See *Farmington Education Ass'n v Farmington School Dist,* 133 Mich App 566; 351 NW2d 242 (1984). He testified that he had participated in the negotiations for the 1982-83 contract and that the union had never demanded coordinated benefits.

On the other hand, the chief negotiator for the union testified that the union did not present a demand for coordination of health insurance benefits because "it was already there". Though the practice was not spelled out in the contract, past practice had allowed it and the union assumed that the practice would continue.

The question raised in this appeal is whether an employer must bargain about a subject explicitly covered by the contract where the employer has established a practice contrary to the contractual language or whether it may, unilaterally and without bargaining, revert to enforcing the language of the collective bargaining agreement. Under the facts in this case, we find that the district's past practice of providing health care benefits, although contrary to the contract provision, constituted a term of employment which could not be unilaterally changed.

MERC's findings of fact are upheld if they are supported by competent, material and substantial evidence on the whole record, but this Court may review the law regardless of the factual findings of the commission. *Local 1467, International Ass'n of*

*Firefighters, AFL-CIO v Portage,* 134 Mich App 466, 472; 352 NW2d 284 (1982). Review of MERC's findings must be undertaken with considerable sensitivity in order that the courts accord due deference to administrative expertise and do not invade the province of exclusive administrative fact-finding by displacing an agency's choice between two reasonably different views, *Napoleon Education Ass'n v Napoleon Schools,* 125 Mich App 398, 405; 336 NW2d 481 (1983).

The public employment relations act (PERA), MCL 423.201 *et seq.;* MSA 17.455(1) *et seq.,* governs labor relations in public employment. *Profitt v Wayne-Westland Community Schools,* 140 Mich App 499, 502; 364 NW2d 359 (1985). The act prohibits an employer from refusing to bargain collectively with its public employees over subjects like health insurance benefits, which are classified as mandatory subjects of collective bargaining. MCL 423.210(1)(e); MSA 17.455(10)(1)(e). Under PERA, unilateral action concerning such subjects may not be taken by either party absent an impasse in collective bargaining negotiations, *Ottawa County v Jaklinski,* 423 Mich 1; 377 NW2d 668 (1985); *Policemen's Ass'n v Riverview,* 111 Mich App 158, 161; 314 NW2d 463 (1981), *lv den* 417 Mich 890 (1983), or a clear and unmistakable waiver. *Lansing Firefighters Union, Local 421 v Lansing,* 133 Mich App 56; 349 NW2d 253 (1984). If a past practice which does not derive from the express terms of a collective bargaining agreement becomes a part of the employer's structure and condition of employment, it assumes the same significance as other terms of employment and is similarly protected from unilateral change. *Technicolor Government Services, Inc v NLRB,* 739 F2d 323 (CA 8, 1984).

In the instant case, MERC concluded that since

at least 1980 the district had a practice of permitting its teachers with employed spouses to receive coordinated health insurance benefits under the district's health insurance plan and that such practice constituted an existing term or condition of employment. This finding is supported by competent, material and substantial evidence on the whole record and must be upheld. MCL 423.23(2)(e); MSA 17.454(25)(2)(e); *Lansing School Dist v MERC,* 117 Mich App 486; 324 NW2d 62 (1982). Moreover, we agree with MERC's conclusion that since health insurance benefits are a mandatory subject of collective bargaining, *Houghton Lake Education Ass'n v Houghton Lake Community Schools,* 109 Mich App 1; 310 NW2d 888 (1981), *lv den* 413 Mich 917 (1982), the district was required to provide the union with notice and an opportunity to bargain before making changes in the existing condition of employment. *Policemen's Ass'n v Riverview, supra.*

Because the district instituted the practice and permitted it to continue, knowing that it was contrary to the contract, the district cannot now rely on the contractual language to unilaterally change the practice. The district relies on *Twp of Redford,* 1983 MERC Lab Op 479, for the proposition that a past practice can never overcome a specific and contrary contractual provision. However, even if that case were binding precedent on this Court, it is distinguishable on its facts.

We do not accept the district's contention that a past practice can never be established in the face of a conflicting contractual provision. Rather, we find that when an employer implements and continues a practice which is contrary to a contractual provision, the practice may constitute a term or condition of employment which is not subject to unilateral change.

The district also argues that even if a past practice is established, the union waived its right to bargain on the subject by the clear and unambiguous terms of the contract. We are not persuaded that the principle of waiver is applicable when a condition of employment is found to exist in contravention of a contract provision. However, even when we apply this principle, we do not believe the contractual language at issue was so "clear and explicit" that it constituted a waiver as a matter of law.

In its decision on remand, MERC found that the disputed provision made no explicit reference to coordinated benefit coverage and did not clearly preclude such coverage. In support of its finding, MERC noted that the parties had apparently believed that the language was sufficiently ambiguous to permit coordinated health care coverage since neither party had attempted to change the language during the 1982-83 contract negotiations.

Although the contractual language, standing alone, is not inherently ambiguous, it becomes susceptible to interpretation when examined in connection with the parties' past practice. "Where past practice has established a meaning for language that is used by the parties in a new agreement, the language will be presumed to have the meaning given to it by past practice". *Pekar v Local 181, International Union of United Brewery*, 311 F2d 628, 636 (CA 6, 1962), *cert den* 373 US 912 (1963). Here, the parties' incorporation of the disputed contractual provision in their 1982-83 collective bargaining agreement must be viewed in terms of the district's past practice of providing coordinated health care benefits. Accordingly, the union could have construed the provision as permitting the continuation of the practice. This interpretation is supported by the union negotiator's

claim that the union did not demand coordinated benefits because "it was already there".

In order for the union to waive its rights to bargain over a term of employment that is a mandatory subject of collective bargaining, the waiver must be "clear and unmistakable". *Lansing Firefighters, supra,* p 66. When viewed in the context of the parties' past practice, we find the contractual language upon which the district relies is not sufficiently clear and explicit to establish that the union waived its right to bargain over the continuation of coordinated health care benefits.

We also reject the district's contention that the contract provision precluding modification of the contract by past practice permitted the district to unilaterally enforce the contract regardless of the past practice. We interpret this provision as analogous to a management rights or general waiver clause, either of which is insufficient to establish waiver. *Lansing Firefighters, supra,* p 66.

Respondent also argues that because the contract was unambiguous, the district was free to unilaterally enforce the contractual provision against the coordination of health insurance benefits. As per our preceding discussion, we reject the district's argument.

The district next claims that it was denied due process by MERC's failure to determine whether the union waived its right to bargain. Since MERC specifically addressed this issue in its decision and order on remand, the district's claim is moot.

Finally, the district argues that even if it breached its contract, it did not commit an unfair labor practice. MCL 423.210(1)(e); MSA 17.455(10)(1)(e) provides that a public employer's failure to bargain collectively with the representatives of its employees constitutes an unfair labor practice. An employer who takes a unilateral ac-

tion regarding a mandatory subject of collective bargaining, absent an impasse in negotiations or a waiver, has failed to bargain collectively and consequently has committed an unfair labor practice. *International Ass'n of Firefighters v Portage, supra; Lansing Firefighters, supra.* MERC's finding of an unfair labor practice in the present case was based not on a breach of the contract provisions but rather on the district's failure to bargain regarding a condition of employment which existed independently of the contract. MERC's finding is not clearly erroneous.

In its brief on appeal, the union requests this Court to find that MERC's decision and order applies to the parties' 1983-86 collective bargaining agreement. In support thereof, the union submits the affidavit of its negotiator which asserts that the parties intended MERC's resolution of the 1982-83 contract provision to resolve the matter for the 1983-86 contract. The district argues that the instant litigation is limited only to the 1982-83 contract. In support of its position, the district submitted (with its motion to modify MERC's order) the affidavit of Harold Montgomery which asserts that the parties adopted the 1983-86 contract with the understanding that the contract disallowed coordinated benefits. Even assuming that this issue is properly before this Court, we decline to invade MERC's exclusive function and resolve this factual dispute. *MERC v Detroit Symphony Orchestra, Inc,* 393 Mich 116, 124; 223 NW2d 283 (1974). However, since we agree with the parties that MERC's decision and order on remand failed to adequately address questions 1 and 3 put to it by this Court in our June 4, 1985, order for remand, we once again remand this case to MERC for resolution of these issues.

Affirmed in part and remanded.