WAYNE-WESTLAND EDUCATION ASSOCIATION v WAYNE-
WESTLAND COMMUNITY SCHOOLS

Docket No. 102572. Submitted October 18, 1988, at Detroit. Decided
April 4, 1989. Leave to appeal applied for.

The Wayne-Westland Education Association filed an unfair labor
practice charge against the Wayne-Westland Community
Schools for reprimanding Melvin Straight, a school counsellor,
for Straight's refusal to attend a meeting without union repre-
sentation. The Employment Security Commission found that
Straight had a reasonable belief that the meeting could have
led to discipline and that he therefore had a right to refuse to
participate in the meeting without union representation. The
school system appealed.

The Court of Appeals *held:*

The public employment relations act grants an employee
subject to the act the right to have a union representative
present at an investigatory interview which the employee
reasonably believes might result in disciplinary action. Find-
ings of fact of the Employment Relations Commission are to be
upheld on appeal if they are supported by competent, material
and substantial evidence on the whole record. The finding that
Straight had a reasonable belief that the meeting might result
in disciplinary action was supported by competent, material
and substantial evidence on the whole record.

Affirmed.

1. LABOR RELATIONS — PUBLIC EMPLOYMENT RELATIONS ACT — UNION
REPRESENTATION — INTERVIEWS.

The public employment relations act grants an employee subject
to the act the right to have a union representative present at
an investigatory interview which the employee reasonably
believes might result in disciplinary action (MCL 423.209; MSA
17.455[9]).

REFERENCES

Am Jur 2d, Labor and Labor Relations §§ 861, 1761.
When is supervisory interview by employer "investigatory-discipli-
nary" so as to entitle employee to union representation under sec.
7 of the National Labor Relations Act (29 USCS sec. 157). 48 ALR
Fed 360.

2. LABOR RELATIONS — EMPLOYMENT RELATIONS COMMISSION — AP-
    PEAL — FINDINGS OF FACT.
    Findings of fact of the Employment Relations Commission are to
    be upheld on appeal if they are supported by competent,
    material and substantial evidence on the whole record.

*Hiller, Hoekenga & Amberg, P.C.* (by *Daniel J. Hoekenga* and *Kathlyn M. Thomas*), for petitioner Wayne-Westland Education Association.

*Slatkin, Gabrian & Wilder* (by *Stewart Slatkin*), for respondent Wayne-Westland Community Schools.

Before: SULLIVAN, P.J., and MURPHY and M. WARSHAWSKY,* JJ.

PER CURIAM. Wayne-Westland Community Schools appeals as of right a decision and order of the Michigan Employment Relations Commission in favor of the Wayne-Westland Education Association.

This case arises out of a reprimand given to school counsellor Melvin Straight by the school system's assistant superintendent Thomas Svitkovich for Straight's refusal to attend a meeting without union representation. The MERC found that Straight had a right to union representation at the meeting because he had a reasonable belief that the scheduled meeting with Svitkovich could have led to discipline and, thus, Straight had a right to refuse to participate in the meeting without representation. The MERC concluded that the school system interfered with Straight's exercise of his rights under § 9 of the public employment relations act, MCL 423.201 *et seq.*; MSA 17.455(1) *et seq.*, by reprimanding him for his refusal to attend the meeting. On appeal, the school system

---

* Circuit judge, sitting on the Court of Appeals by assignment.

claims that the MERC erred in its determination that Straight had a right to union representation during the scheduled meeting with Svitkovich because Straight's fear that discipline would result from the meeting was unreasonable. We disagree.

The PERA governs labor relations in public employment. *Wayne Co Government Bar Ass'n v Wayne Co,* 169 Mich App 480, 485; 426 NW2d 750 (1988). Section 9 of the PERA provides:

> It shall be lawful for public employees to organize together or to form, join or assist in labor organizations, to engage in lawful concerted activities for the purpose of . . . mutual aid and protection . . . . [MCL 423.209; MSA 17.455(9).]

Section 10 makes it unlawful for a public employer to "interfere with, restrain or coerce public employees" in the exercise of their rights under § 9. MCL 423.210; MSA 17.455(10).

In *National Labor Relations Bd v J Weingarten, Inc,* 420 US 251; 95 S Ct 959; 43 L Ed 2d 171 (1975), the Supreme Court affirmed the National Labor Relations Board's following holding regarding § 7 of the National Labor Relations Act, 29 USC 157, which is similar to § 9 of the PERA:

> The National Labor Relations Board held in this case that respondent employer's denial of an employee's request that her union representative be present at an investigatory interview which the employee reasonably believed might result in disciplinary action constituted an unfair labor practice in violation of § 8(a)(1) of the National Labor Relations Act, as amended, 61 Stat 140, because it interfered with, restrained, and coerced the individual right of the employee, protected by § 7 of the Act, "to engage in . . . concerted activities for . . . mutual aid or protection . . . ." 202 NLRB 446 (1973). [*Id.* at 252.]

Thereafter, the MERC held that the *Weingarten* right to union representation is within the statutory protections of § 9 of the PERA. See *Regents of the University of Michigan v Local 1583, AFSCME,* 1977 MERC Lab Op 496.

Although this Court may review the law regardless of the factual findings of the commission, the MERC's findings of fact are upheld if they are supported by competent, material and substantial evidence on the whole record. *Wayne Co Government Bar Ass'n, supra.* Moreover, review of the MERC's findings must be undertaken with considerable sensitivity in order that the courts accord due deference to administrative expertise and do not invade the province of exclusive administrative fact finding by displacing an agency's choice between two reasonably different views. *Mid-Michigan Ed Ass'n v St Charles Community Schools,* 150 Mich App 763, 768; 389 NW2d 482 (1986).

After reviewing the record, we believe that the MERC's finding that Straight had a reasonable belief that discipline could result from the scheduled meeting with Svitkovich is supported by competent, material and substantial evidence in this case. Accordingly, we affirm the decision of the MERC.

Affirmed.