PLYMOUTH FIRE FIGHTERS ASSOCIATION, LOCAL 1811, IAFF, AFL-CIO v CITY OF PLYMOUTH

Docket No. 88188. Submitted July 1, 1986, at Detroit. Decided September 11; 1986.

From 1969 until 1984 the Plymouth Fire Department performed first-response emergency ambulance work for the City of Plymouth. In 1983, nearly sixty percent of the fire department's total runs were first-response emergency medical runs. In 1984, the city unilaterally subcontracted the first-response emergency ambulance work to a private firm. No hours were cut from any fire-fighter's employment. The Plymouth Fire Fighter's Association, Local 1811, IAFF, AFL-CIO, representing the Plymouth fire fighters, filed an unfair labor practice charge with the Employment Relations Commission. The commission held that the city had committed an unfair labor practice. Prior to the commission's decision, the city restored first-response ambulance work to the fire department. The city appealed. The Plymouth Fire Fighters Association sought to have the appeal dismissed at moot.

The Court of Appeals held:

1. A question is not moot if the action complained of will continue to affect the complaining party adversely in some collateral way. The Court of Appeals chose to address those issues which were likely to recur.

2. The public employment relations act prohibits unilateral action concerning subjects classified by the act as mandatory subjects of collective bargaining, absent an impasse in collective bargaining negotiations. A past practice by an employer, which does not derive from the express terms of a collective bargaining agreement but which becomes a part of the employer's structure and condition of employment, assumes the same significance as other terms of employment and is similarly protected from unilateral change. When sixty percent of a

REFERENCES

Am Jur 2d, Labor and Labor Relations §§ 1764-1775.

What constitutes unfair labor practice under state public employee relations acts. 9 ALR4th 20.

Bargainable or negotiable issues in state public employment labor relations. 84 ALR3d 242.

bargaining unit's work has been subcontracted to a nonunion party, the decision will inevitably have an impact on the unit's wages, hours, and terms of employment. The subcontracting of the first-response ambulance work was a mandatory subject of bargaining.

3. The contract language that the contract covered "the entire understanding between the City and the Union" did not constitute a waiver.

Affirmed.

1. LABOR RELATIONS — PUBLIC EMPLOYMENT RELATIONS ACT — DUTY TO BARGAIN — SUBJECTS OF BARGAINING — UNFAIR LABOR PRACTICES.

Public employers and employees have a duty to bargain collectively under the public employment relations act with respect to wages, hours, and other terms and conditions of employment, but need not bargain with respect to subjects which fall outside the scope of those mandatory subjects; the obligation to bargain as to mandatory subjects precludes either party from taking unilateral action with respect to such subjects absent an impasse in negotiations; refusal to bargain as to mandatory subjects constitutes an unfair labor practice under the public employment relations act (MCL 423.210; 423.215; MSA 17.455[10], 17.455[15]).

2. LABOR RELATIONS — PUBLIC EMPLOYMENT RELATIONS ACT — UNILATERAL MODIFICATION OF COLLECTIVE BARGAINING AGREEMENTS.

The public employment relations act prohibits unilateral action concerning subjects classified by the act as mandatory subjects of collective bargaining, absent an impasse in collective bargaining negotiations; a past practice by an employer, which does not derive from the express terms of a collective bargaining agreement but which becomes a part of the employer's structure and condition of employment, assumes the same significance as other terms of employment and is similarly protected from unilateral change.

*Sachs, Nunn, Kates, Kadushin, O'Hare, Helveston & Waldman, P.C. (by Alison L. Paton), for petitioner.*

*Cummings, McClorey, Davis & Acho, P.C. (by Ronald G. Acho and Eileen Husband), for respondent.*

Before: GRIBBS, P.J., and D. E. WALSH and BEAS-
LEY, JJ.

PER CURIAM. Respondent City of Plymouth ap-
peals from a decision of the Michigan Employment
Relations Commission which found that the city
had committed an unfair labor practice when it
unilaterally subcontracted to a private agency
"first response" ambulance work formerly per-
formed by members of petitioner Plymouth Fire
Fighters Association.

Prior to MERC's October 2, 1985, decision and
order, the city restored "first response" ambulance
work to the Plymouth Fire Department because of
problems with the private agency. Petitioner,
therefore, sought to have this appeal dismissed as
moot. This Court refused. A question is not moot if
the action complained of will continue to affect the
complaining party adversely in some collateral
way. *Swinehart v Secretary of State,* 27 Mich App
318, 320; 183 NW2d 397 (1970), lv den 384 Mich
801 (1971). The city continues to maintain that it
has no duty to bargain in good faith over subcon-
tracting of ambulance work, and the issue may
well resurface, although in a different factual
context. Accordingly, we address only those issues
which are likely to recur.

Section 15 of the public employment relations
act requires a public employer to bargain collec-
tively with the representatives of its employees
with respect to "wages, hours, and other terms
and conditions of employment." MCL 423.215;
MSA 17.455(15). Subjects included in this phrase
are referred to as "mandatory subjects" of bargain-
ing. *Detroit Police Officers Ass'n v Detroit,* 391
Mich 44, 54; 214 NW2d 803 (1974). Neither party
may take unilateral action on a "mandatory sub-
ject" of bargaining absent an impasse in negotia-

tions. *Central Michigan University Faculty Ass'n v Central Michigan University,* 404 Mich 268, 277; 273 NW2d 21 (1978). An employer who does so has committed an unfair labor practice. MCL 423.210(1)(e); MSA 17.455(10)(1)(e), *Local 1467, International Ass'n of Firefighters, AFL-CIO v City of Portage,* 134 Mich App 466, 473; 352 NW2d 284 (1984). Since public employees are forbidden to strike under PERA, Michigan courts have adopted a more liberal approach than the federal courts in determining whether a particular subject is a mandatory subject of bargaining. *West Ottawa Ed Ass'n v West Ottawa Bd of Ed,* 126 Mich App 306, 315; 337 NW2d 533 (1983).

Commencing in 1969, the Plymouth Fire Department, which currently is composed of six fire fighters, performed first-response emergency medical work, although this was not explicitly mentioned in the collective bargaining agreement. In 1983, nearly sixty percent of Plymouth Fire Department's total runs were first-response emergency medical runs, providing emergency first aid and transportation to hospital. When the city subcontracted this work in 1984, it did not decrease the hours of any of the fire fighters. However, when sixty percent of a bargaining unit's work has been subcontracted to a nonunion party, the decision will inevitably have an impact on the unit's wages, hours, and terms of employment.

The city argues that this decision was within its "entrepreneurial control" as part of its responsibility to insure community safety. See e.g., *Local 1277, Metropolitan Council No 23, AFSCME, AFL-CIO v City of Center Line,* 414 Mich 642; 327 NW2d 822 (1982). That does not alter the fact that the decision will have a significant impact on the fire fighters' employment. A requirement to bargain in good faith before subcontracting will not

unduly restrict the city's ability to function and to establish policy. Cf., *Centerline, supra,* pp 660-661.

Moreover, this Court has held that, where an employer institutes a practice not expressed in the collective bargaining agreement, the practice may constitute a term of employment which is not subject to unilateral change. *Mid-Michigan Ed Ass'n v St Charles Community Schools,* 150 Mich App 763; 389 NW2d 482 (1986). Where a service comprised up to sixty percent of a bargaining unit's work for over thirteen years, the employer should not be able to alter this unilaterally.

The city argues that the union expressly waived its right to claim contractual rights not incorporated in the written contract by virtue of a contractual clause acknowledging that the contact covered "the entire understanding between the City and the Union." We disagree.

> We find that the contractual clause upon which plaintiff relies is not sufficiently clear to constitute a waiver of the union's right to bargain over the transfer or classification of positions outside the bargaining unit. [*Lansing Fire Fighters Union, Local 421, International Ass'n of Fire Fighters, AFL-CIO v City of Lansing,* 133 Mich App 56, 66; 349 NW2d 253 (1984).]

A waiver must be clear and unmistakable. *Id., Mid-Michigan v St Charles, supra.*

The remaining issues on appeal pertain to the circumstances in which this subcontracting controversy first developed (e.g., whether the union requested or waived bargaining and whether the city acted in good faith or negotiated to impasse). As this same set or facts is not likely to recur when the legal issue again arises, we express no opinion on those issues.

Affirmed.