KENT COUNTY EDUCATION ASSOCIATION/CEDAR SPRINGS
EDUCATION ASSOCIATION v CEDAR SPRINGS PUBLIC
SCHOOLS

Docket No. 88825. Submitted August 5, 1986, at Grand Rapids.
Decided January 5, 1987.

Kent County Education Association/Cedar Springs Education
Association, as the collective bargaining agent for high school
teachers employed by Cedar Springs Public Schools Board of
Education, filed an unfair labor practice charge before the
Michigan Employment Relations Commission against the
board. The association charged that the board violated the
public employment relations act by increasing the number of
daily class periods, decreasing the length of each class period,
and assigning teachers to teach one additional class per day. A
hearing officer ruled in favor of the board, finding no violation
of PERA and agreeing with an arbitrator's earlier determination
at a grievance proceeding that the board had not violated the
parties' collective bargaining agreement by undertaking the
disputed actions. On appeal, MERC reversed the hearing officer,
finding that the board had failed in its duty under PERA to
bargain in good faith. The board appealed.

The Court of Appeals *held:*

1. The duty to bargain in good faith under the provisions of
PERA extends to those subjects found within the scope of the
phrase "wages, hours and other terms and conditions of em-
ployment."

2. In this case, the change in the number of class periods
resulted in an increase of class preparation time for the teach-
ers, required more parent contact, more record keeping, more

REFERENCES

Am Jur 2d, Labor and Labor Relations §§ 1759 *et seq.;* 1764 *et seq.;* .
1770, 1773, 1790.

Rights of state and municipal public employees in grievance pro-
ceedings. 46 ALR4th 912.

What constitutes unfair labor practice under state public employee
relations acts. 9 ALR4th 20.

Validity and construction of statutes or ordinances providing for
arbitration of labor disputes involving public employees. 68
ALR3d 885.

grade reporting and more status-deficiency reports. Thus, the change had a significant effect on the working conditions of a significant segment of the association's membership and, under PERA, the board could not unilaterally implement the change in class periods without first notifying the association and bargaining to impasse.

3. The association had not, as the board argued, waived its right to bargain over the change under the terms of the parties' collective bargaining agreement.

Affirmed.

1. LABOR RELATIONS — PUBLIC EMPLOYMENT — EMPLOYMENT RELATIONS COMMISSION — UNIFORM LABOR PRACTICES — ARBITRATION.

The filing of an unfair labor practice claim with the Employment Relations Commission does not preclude an arbitrator from resolving a breach of contract claim arising out of the same controversy; the Employment Relations Commission may not defer the resolution of a claim under the public employment relations act to an arbitrator.

2. LABOR RELATIONS — COLLECTIVE BARGAINING — PUBLIC EMPLOYMENT RELATIONS ACT — TERMS AND CONDITIONS OF EMPLOYMENT — MANDATORY SUBJECTS OF BARGAINING.

The duty to bargain in good faith under a section of the public employment relations act extends to those subjects found within the scope of the phrase "wages, hours and other terms and conditions of employment"; the subjects included within that phrase are referred to as mandatory subjects of bargaining and once a specific subject has been classified as a mandatory subject of bargaining, the parties are required to bargain concerning the subject if it has been proposed by either party and neither party may take unilateral action on the subject absent an impasse in negotiations (MCL 423.215; MSA 17.455[15]).

3. LABOR RELATIONS — APPEAL — EMPLOYMENT RELATIONS COMMISSION.

Findings of fact by the Employment Relations Commission are to be upheld on appeal when such findings are supported by competent, material and substantial evidence on the whole record.

*Foster, Swift, Collins & Coey, P.C.* (by *David J. Houston*), for Kent County Education Association/Cedar Springs Education Association.

*McShane & Bowie* (by *Terry J. Mroz*), for Cedar Springs Public Schools.

Before: Hood, P.J., and D. E. Holbrook, Jr., and W. R. Peterson,* JJ.

D. E. Holbrook, Jr., J. Cedar Springs Public Schools Board of Education appeals as of right from a decision and order of the Michigan Employment Relations Commission which held that the board violated § 10(1)(e) of the public employment relations act, MCL 423.210; MSA 17.455(10), by failing to provide the Kent County Education Association/Cedar Springs Education Association with adequate notice and an opportunity to demand bargaining with regard to the board's decision to increase the number of class periods assigned to its high school teachers from five to six per day.

The underlying facts are not in material dispute. In May, 1982, the board, without prior notice to or discussion with the association voted to increase the number of class periods in its high school from five to six per day. The board also voted to decrease the length of each class period from fifty-six to forty-six minutes. Pursuant to the board's decision, the association's teachers were assigned to teach one additional class for the school year 1982 to 1983. Only two teachers had to teach a type of class they were not already teaching. The length of the teachers' workday, which was prescribed in the parties' existing collective bargaining agreement, was not altered. Preparation periods, lunch periods, arrival and dismissal times also were not affected. The amount of time teachers actually spent in front of a class was increased by only one minute per day or five minutes per week.

Following the board's decision, the association

* Circuit judge, sitting on the Court of Appeals by assignment.

filed a grievance alleging that the board's actions violated the parties' collective bargaining agreement. The grievance was dismissed pursuant to an arbitration award issued on January 21, 1983.

The association also filed the instant unfair labor practice charge with MERC pursuant to § 10(1)(e) of PERA. A hearing was held before a hearing officer in March, 1983. Subsequently, the hearing officer issued a decision finding that the arbitration award was "definitive of the right of the employer to adopt a six period teaching day." The association appealed the hearing officer's decision to MERC which unanimously reversed. MERC noted that different rights accrue to employees pursuant to contract and under PERA and that actions not prescribed by the contract may nevertheless be subject to the duty to bargain imposed by statute. MERC concluded that the board's change from five to six class periods per day was not a decision which should be insulated from the obligation of prior notice and bargaining under PERA and was a mandatory subject of bargaining. MERC further found that their change in class periods and resultant effects were not de minimis, and that the association had not waived its right to bargain that change.

MERC rejected the association's request that the parties be returned to the status quo ante by ordering the board to reinstate the five-class-period schedule, finding that such an order would be unduly disruptive. MERC issued the following remedial order:

> 1. Cease-and-desist from refusing to bargain with the Kent County Association/Cedar Springs Education Association, the collective bargaining representative of its employees, by unilaterally increasing the number of classes per day assigned to its high school teachers.

2. Upon demand, bargain with Charging Party regarding the number of class periods per day assigned to its high school teachers.

3. Compensation employees affected by the change for additional hours worked as a result of the change in the number of classes assigned, at their regular hourly rate, retroactive to May, 1982, including interest on the backpay at the rate of 5% per annum, until such time as the parties reach agreement or impasse on the number of classes per day to be assigned to high school teachers.

4. Post the attached notice to employees in conspicuous places on the Respondents premises, including all places where notices to employees are customarily posted, for a period of thirty (30) consecutive days.

On appeal the board first contends that what is at issue is merely a question of contractual interpretation of the collective bargaining agreement. According to the board it acted in good faith in its interpretation of the agreement and, therefore, did not commit an unfair labor practice. In support of its contention, the board relies on the decision of the arbitrator, pursuant to the association's grievance, finding that the changes implemented by it did not violate the contract. We find this argument to be without merit. The board ignores the statement of the arbitrator that he had "no power to determine if there has been a statutory unfair labor practice." Furthermore, although the filing of an unfair labor practice claim with MERC does not preclude an arbitrator from resolving a breach of contract claim arising out of the same controversy, see *Bay City School Dist v Bay City Ed Ass'n, Inc,* 425 Mich 426, 439; 390 NW2d 159 (1986), MERC is prohibited from deferring the resolution of a statutory claim to an arbitrator. *Detroit Fire Fighters Ass'n v Detroit,* 408 Mich 663; 293

NW2d 278 (1980). Here, the association filed an unfair labor practice charge with MERC pursuant to § 10(1)(e) of PERA, which implicated statutory rights with respect to the parties' obligation to bargain to impasse concerning a mandatory subject of bargaining before either party could take unilateral action on the subject. See MCL 423.215; MSA 17.455(15). Hence MERC was required to resolve this dispute regardless of the arbitrator's decision with respect to the breach of contract claim.

The board next contends that the change it instituted was de minimis and therefore their failure to implement the change without giving the bargaining unit notice did not constitute an unfair labor practice. We disagree.

The duty to bargain in good faith under § 15 of PERA, MCL 423.215; MSA 17.455(15), extends to those subjects found within the scope of the phrase "wages, hours and other terms and conditions of employment." *Detroit Police Officers Ass'n v Detroit,* 391 Mich 44, 54; 214 NW2d 803 (1974). Subjects included within that phrase are referred to as mandatory subjects of bargaining. *Id.* Once a specific subject has been classified as a mandatory subject of bargaining, the parties are required to bargain concerning the subject if it has been proposed by either party and neither party may take unilateral action on the subject absent an impasse in negotiations. 391 Mich 54-55.

Here, MERC rejected the argument that the change was de minimis and found that the change in the number of class periods per day had a significant effect on the hours and working conditions of a significant segment of the bargaining unit. MERC's findings of fact are to be upheld if they are supported by competent, material and substantial evidence on the whole record. *Mid-*

*Michigan Ed Ass'n v St Charles Community Schools,* 150 Mich App 763, 767; 389 NW2d 482 (1986). Review of MERC's findings is undertaken with considerable sensitivity in order that the courts accord due deference to administrative expertise and do not invade the province of exclusive administrative fact-finding by displacing an agency's choice between two reasonably different views. 150 Mich App 768.

We conclude that MERC's findings are supported by competent, material and substantial evidence on the record. Testimony was offered indicating that class preparation time for high school teachers significantly increased as a result of the change. The change required more parent contact, more record keeping, more grade reporting and more status-deficiency reports to be filed. The board's superintendent testified that the board would have to hire seven additional teachers to offer the additional class periods without increasing the number of class assignments to teachers. In light of this evidence we are of the opinion that the board's argument must be rejected.

The board next contends that there was no evidence to support a finding that the board acted in bad faith in implementing the six-class-period day and, therefore, no unfair labor practice was committed. The board has failed to cite any authority in support of its position. A statement of position without authority is insufficient to bring an issue before this Court. *Wojciechowski v General Motors Corp,* 151 Mich App 399, 405; 390 NW2d 727 (1986). In any event, the duty to bargain may be violated without a general failure of subjective good faith. See *NLRB v Katz,* 369 US 736, 743; 82 S Ct 1107; 8 L Ed 2d 230 (1962).

The board next contends that in light of Article VI of the collective bargaining agreement the asso-

ciation waived its right to bargain over the change in the number of class periods per day. Article VI provides:

> A. The parties acknowledge that during the negotiations which result in this Agreement, each had the unlimited right and opportunity to make demands and proposals with respect to any subject or matter not removed by law from the area of collective bargaining, and that the understandings and agreements arrived at by the parties after the exercise of that right and opportunity are set forth in this Agreement.
>
> B. Therefore, the Board and the Association, for the life of this Agreement, each voluntarily and unqualifiedly waives the right, and agrees that the other shall not be obligated to bargain collectively with respect to any subject or matter referred to or covered in this Agreement even though such subjects or matter may not have been within the knowledge or contemplation of either or both parties at the time they negotiated or signed this Agreement.

Citing *Rochester Police Officers v City of Rochester*, 1982 MERC Lab Op 324, MERC in the instant case concluded that this "zipper" clause was not by itself sufficient evidence of a clear and explicit waiver of the right to bargain over the changes made. MERC further found that there was no specific reference in the agreement to the number of class periods per day and that there was no evidence that the parties had ever discussed the number and length of the class periods. MERC concluded that, in light of these findings, the evidence was not sufficient to find a clear, explicit and unmistakable waiver of the right to bargain over the change in the number of class periods per day. We agree. See *Mid-Michigan Ed Ass'n, supra,* p 771.

The board's final contention is that the remedial order issued by MERC was unwarranted for a number of reasons. The board failed to cite any authority in support of any one of these arguments. Accordingly, review by this Court is precluded. *Wojciechowski, supra.*

We conclude that MERC's findings were supported by competent, material and substantial evidence on the whole record. The board failed to give the association adequate notice and an opportunity to demand bargaining with respect to the change in the number of class periods per day. The change at issue was not de minimis and the association did not waive its statutory right to bargain over the change. Accordingly, we must uphold MERC's decision.

Affirmed.