SOUTHFIELD POLICE OFFICERS ASSOCIATION v CITY OF
SOUTHFIELD

Docket No. 88574. Submitted December 2, 1986, at Detroit. Decided
    September 9, 1987. Leave to appeal applied for.
    Southfield Police Officers Association, the collective bargaining
        agent for police officers employed by the City of Southfield, filed
        an unfair labor practice charge before the Michigan Employ-
        ment Relations Commission against the City of Southfield. The
        association charged that the city had violated the public em-
        ployment relations act by (1) refusing to bargain over a pro-
        posed transfer of job responsibilities in the crime prevention
        section and the automobile pound to employees not represented
        by the association, (2) refusing to bargain over the proposed
        subcontracting of the policing of a shopping mall to private
        security guards, and (3) refusing to engage in grievance pro-
        ceedings with the association's designated representative. MERC
        dismissed the charge, and the association appealed.
    The Court of Appeals held:
    1. An employer's proposed reassignment of work performed
        by members of a bargaining unit to nonunit employees is a
        mandatory subject of collective bargaining and the employer
        would be in violation of PERA for refusing to bargain where the
        proposed reassignment would be inconsistent with previously
        established operating practices, would effect a change in condi-
        tions of employment, or result in a significant impairment of
        job tenure, employment security or reasonably anticipated
        work opportunities for those in the bargaining unit. In this
        case, a remand is necessary for further findings of fact and, if
        necessary, conclusions of law under the test described above.
    2. MERC did not err in dismissing the unfair labor charge
        which was based on the city's proposal to subcontract the
        policing of a shopping mall since no final decision to implement

REFERENCES
Am Jur 2d, Labor and Labor Relations §§ 650 et seq.; 729 et seq.;
    1764 et seq.
Bargainable or negotiable issues in state public employment labor
    relations. 84 ALR3d 242.

this proposal had been reached. The issue was and is not ripe for adjudication.

3. Section 9 of PERA grants public employees the right to negotiate with their employer through representatives of their own free choice. Interference with this right is an unfair labor practice. In this case, MERC erred in concluding that the city had properly excluded a labor consultant designated by the association as its representative from participating in grievance proceedings in the absence of a clear and unmistakable waiver of the association members' right to choose a representative.

Affirmed in part, reversed in part, and remanded.

1. LABOR RELATIONS — EMPLOYMENT RELATIONS COMMISSION — APPEAL.

Findings of fact by the Michigan Employment Relations Commission are conclusive if supported by competent, material, and substantial evidence on the record; however, a decision by the commission will be reversed on appeal where it is premised upon an error of law (Const 1963, art 6, § 28; MCL 423.216[e]; MSA 17.455[16][e]).

2. LABOR RELATIONS — PUBLIC EMPLOYMENT RELATIONS ACT — DUTY TO BARGAIN.

A public employer's proposed reassignment of work performed by members of a collective bargaining unit to nonunit employees is a mandatory subject of collective bargaining and the employer, if it refuses to bargain, would properly be subject to an unfair labor practice charge under the public employment relations act where the proposed reassignment would be inconsistent with previously established operating practices, would effect a change in conditions of employment, or result in a significant impairment of job tenure, employment security or reasonably anticipated work opportunities for those in the bargaining unit.

3. LABOR RELATIONS — PUBLIC EMPLOYMENT RELATIONS ACT — CHOICE OF BARGAINING REPRESENTATIVE.

Public employees enjoy the right to negotiate with their employer through representatives of their own free choice under a provision of the public employment relations act; absent a clear and unmistakable waiver, interference by the employer with this right constitutes an unfair labor practice (MCL 423.209, 423.210[1][a]; MSA 17.455[9], 17.455[10][1][a]).

*Hiller, Larkey & Hoekenga, P.C. (by Marc M.*

*Susselman*), for Southfield Police Officers Association.

*Susan P. Ward,* for City of Southfield.

Before: J. H. GILLIS, P.J., and SHEPHERD and W. A. PORTER,* JJ.

W. A. PORTER, J. The Southfield Police Officers Association appeals from the decision and order of the Michigan Employment Relations Commission dismissing a charge filed pursuant to the public employment relations act, MCL 423.201 *et seq.*; MSA 17.455(1) *et seq.* We affirm in part and reverse in part.

The association is the collective bargaining representative for police officers employed by the City of Southfield. The association alleged in its charge various unfair labor practices committed by the city. Pertinent to this appeal are the following: (1) refusal to bargain over the proposed transfer of job responsibilities in the crime prevention section and the automobile pound to nonunit employees (personnel not represented by the association); (2) refusal to bargain over the proposed subcontracting of the policing of a shopping mall to private security guards; and (3) refusal to engage in grievance proceedings with the association's designated representative. The first two allegations concern the reassignment of job tasks performed at least in part by association members prior to the hearing date in the instant case.

I

The association argues that the city committed an unfair labor practice pursuant to MCL

* Circuit judge, sitting on the Court of Appeals by assignment.

423.210(1)(e); MSA 17.455(10)(1)(e) by refusing to engage in collective bargaining over its proposed reassignment of job functions in the crime prevention section and the automobile pound. Although these functions were being performed by association members as of the date of the hearing in this case, the city proposed to assign nonunit employees to these functions in the future.

An employer subject to PERA may not unilaterally alter the terms and conditions of employment without first exhausting its mandatory duty to bargain. See MCL 423.215; MSA 17.455(15). It is generally established that the duty to bargain extends to the employer's diversion of work to nonunit employees or to the subcontracting of the work to nonemployees. *Lansing Fire Fighters Union, Local 421 v Lansing,* 133 Mich App 56; 349 NW2d 253 (1984); *Plymouth Fire Fighters Ass'n, Local 1811 v Plymouth,* 156 Mich App 220; 401 NW2d 281 (1986). Job functions encompassed by the duty to bargain are commonly known as bargaining unit work.

The association here attacks MERC's determination that the job tasks designated to undergo reassignment were not bargaining unit work. MERC found that the job tasks in question had previously been filled by both unit and nonunit employees. Because these tasks were not "exclusively" the domain of association members, they were not bargaining unit work, and the city's duty to bargain therefore did not attach. The association argues that the so-called rule of exclusivity has no basis in law. We agree.

At the outset, we note that the findings of MERC are conclusive if supported by competent, material, and substantial evidence on the record. Const 1963, art 6, § 28; MCL 423.216(e); MSA 17.455(16)(e). If, however, the decision of MERC is

premised upon an error of law, we are not constrained to uphold that decision. *West Ottawa Ed Ass'n v West Ottawa Public Schools Bd of Ed,* 126 Mich App 306, 313; 337 NW2d 533 (1983), lv den 418 Mich 890 (1983). The question whether a particular subject matter affecting employment falls within the scope of the employer's mandatory duty to bargain is decided on a case-by-case basis. *Id.,* 315.

We are unaware of any published opinions rendered by this Court or by our Supreme Court construing PERA that would govern the association's contention. We note, however, that federal decisions construing the analogous National Labor Relations Act are persuasive authority in questions of the proper interpretation of PERA. *West Ottawa Ed Ass'n, supra,* 314-315. We add the caveat that the provisions of PERA are to be construed even more liberally in favor of the employees in compensation for the PERA prohibition against striking. *Id.,* 315.

The outer contours of what constitutes bargaining unit work were addressed in *AMCAR Division, ACF Industries, Inc v NLRB,* 596 F2d 1344, 1349 (CA 8, 1979), where the court adopted the following test from *Westinghouse Electric Corp,* 150 NLRB 1574; 58 LRRM 1257 (1965), with respect the National Labor Relations Act:

> "[W]here the Board has found unilateral contracting out of unit work to be violative of Section 8(a)(5) and (1), it has invariably appeared that the contracting out involves a departure from previously established operating practices, effected [sic] a change in conditions of employment, or resulted [sic] in a significant impairment of job tenure, employment security, or reasonably anticipated work opportunities for those in the bargaining unit."

The key question under this test is whether the proposed unilateral adjustment to work previously performed by the bargaining unit would impose an adverse impact on the unit members. See also *Olinkraft, Inc v NLRB,* 666 F2d 302, 305 (CA 5, 1982). The dispositive question is not whether the work was performed exclusively by union employees in the past, but rather whether the employer's proposed reassignment would be inconsistent with previously established operating practices, would effect a change in conditions of employment, or result in a significant impairment of job tenure, employment security or reasonably anticipated work opportunities for those in the bargaining unit. This standard is certainly more favorable to the interests of the employees than that applied by MERC in the instant case. Given our Court's avowed adherence to the principle that PERA should be construed more liberally than the National Labor Relations Act, it would be anomalous for us to uphold MERC's exclusivity rule.[1] We conclude that a proper disposition of this case requires remand for further conclusions of law and, if necessary, further findings of fact consistent with the test applied in *AMCAR.*

II

The association charged that the city had committed an unfair labor practice by refusing to bargain over its plan to permit private security guards to issue tickets for ordinance violations to juvenile offenders in a shopping mall. This work

---

[1] We note that the exclusivity rule finds support in decisions of MERC. See, e.g., *Schoolcraft Community College v Schoolcraft College Ass'n of Office Personnel/MESPA,* 1985 MERC Lab Op 253, 258-259, aff'd 156 Mich App 754; 401 NW2d 915 (1986), lv den 428 Mich 895 (1987). Other decisions appear to follow the approach in *Westinghouse Electric Corp, supra.* See *Clinton Co Intermediate School Dist v Clinton Intermediate Ed Ass'n,* 1984 MERC Lab Op 529, 531-534.

was performed in part by association members prior to the hearing. MERC dismissed this charge upon its finding that the plan was still tentative since no final decision regarding implementation had been made. Since this finding is supported by competent, material, and substantial evidence, we are bound by it.

The question presented is no different from the well-recognized rule that hypothetical cases should not be decided until such time that the case becomes ripe for adjudication. *Eastern Michigan University Chapter of the American Ass'n of University Professors v Morgan,* 100 Mich App 219, 231; 298 NW2d 886 (1980), lv den 411 Mich 955 (1981). Generally, a question is not justiciable when the complaining party seeks "a decision, in advance, about a right before it has been actually asserted and tested, or judgment upon some matter which, when rendered, for any reason cannot have practical legal effect upon the then existing controversy." *Menominee Co Taxpayers Alliance, Inc v Menominee Co Clerk,* 139 Mich App 814, 819-820; 362 NW2d 871 (1984), lv den 422 Mich 977 (1985). This doctrine applies to questions arising in the context of PERA. *Morgan, supra,* 231. Accordingly, we conclude that MERC did not err in its dismissal on the ground that the charge was premature.

III

The association charged that the city had wrongfully refused to conduct grievance procedures in the presence of a labor consultant, serving as the association's duly appointed representative, who was not a member of the association. MERC concluded that the provisions of the collective bargaining agreement validly limited participation in

grievance procedures to members of the association appointed to the grievance committee. We conclude that MERC's decision ignored the proper legal standard for evaluating a contractual waiver of rights protected under PERA. Section 9 of PERA grants public employees the right to negotiate with their employer "through representatives of their own free choice." MCL 423.209; MSA 17.455(9). Interference with § 9 rights is an unfair labor practice. MCL 423.210(1)(a); MSA 17.455(10)(1)(a). A waiver of a right granted by PERA can only be effected in clear and unmistakable terms. *Kent Co Ed Ass'n/Cedar Springs Ed Ass'n v Cedar Springs Public Schools,* 157 Mich App 59, 65-67; 403 NW2d 494 (1987); *Mid-Michigan Ed Ass'n (MEA-NEA) v St Charles Community Schools,* 150 Mich App 763, 770-771; 389 NW2d 482 (1986); *Lansing Fire Fighters Union, supra,* 65-67. Our review of the collective bargaining agreement convinces us that no waiver occurred. Those terms pertinent to the grievance procedure do no more than provide who may participate as members of the grievance committee. They do not exclude others, including the association's designated representative. Thus, MERC's decision to dismiss this aspect of the association's charge on the basis of waiver was erroneous.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.