Wilder, J.
 

 Respondent, Michigan Liquor Control Commission (mlcc), appeals by leave granted a March 8, 2000, trial court order that reversed the MLCC Appeal Board’s finding that petitioner, Shorecrest Lanes & Lounge, Inc, doing business as Shore Crest Lanes, had violated subsection 801(2) of the Michigan Liquor Control Code, MCL 436.1801(2).
 
 [1]
 
 The viola
 
 *458
 
 tions involved the service of alcohol to two minors in petitioner’s establishment. Respondent challenges the trial court finding that enforcement action under the Liquor Control Code may not proceed against petitioner unless enforcement action is also taken against petitioner’s employee who sold the alcohol to the minors. We reverse in part, affirm in part, and remand.
 

 I. FACTS
 

 On the night of March 6, 1998, officers from the St. Clair Shores Police Department conducted a decoy operation at petitioner’s place of business to determine whether alcoholic liquor was being sold to minors. Under the direction of the police, a 19-year-old decoy (Minor #1) entered the establishment, sat down at the bar, and ordered a beer. Without asking Minor #1 for identification, the bartender served him the beer. Upon Minor #l’s prearranged signal, officers entered petitioner’s establishment, secured the beer as evidence, identified the bartender who sold the beer, located the owner, and requested the owner to produce a liquor license, which was not publicly displayed.
 

 
 *459
 
 While waiting for the liquor license to be produced, one of the officers observed a person who appeared to be an underaged patron drinking beer (Minor #2). Minor #2 was asked for identification, and he produced a Michigan driver’s license that showed that he was 19 years old. A minor in possession violation was issued to Minor #2. The officers determined during their investigation that Minor #2 had personally ordered the beer from, and been served by, the same bartender who served Minor #1. Their investigation further determined that Minor #2 had not been asked to produce any identification before he was served. However, the bartender was not issued a citation for either of the prohibited sales.
 

 A complaint was issued charging petitioner with four violations of the Michigan Liquor Control Act, including two counts of furnishing alcohol to a minor in violation of MCL 436.1801(2) and 436.1701(1), one count of allowing a minor to consume alcohol on the premises, contrary to Rule 436.1009(1) of the Michigan Administrative Code, and a fourth count for failure to keep a liquor license on display, contrary to Rule 436.1015(1) of the Michigan Administrative Code. After an administrative hearing, petitioner was found responsible on two counts of furnishing alcohol to a minor and one count of allowing a minor to consume alcohol on the premises. The fourth count was dismissed because of insufficient evidence.
 

 Petitioner appealed the hearing referee’s decision to the MLCC Appeal Board, arguing that MCL 436.1701(4) did not permit enforcement action against the licensee unless enforcement action was also taken against the person who served the alcohol to the minor. Petitioner reasoned that because the bar
 
 *460
 
 tender in this case was not cited for a violation, petitioner could not be charged with a violation. The mlcc Appeal Board affirmed the hearing referee’s order, finding that the hearing referee’s decision “was based on competent, material and substantial evidence.”
 

 Petitioner appealed the MLCC Appeal Board’s decision to the Macomb Circuit Court, again arguing that the plain language of MCL 436.1701 did not permit an enforcement action against petitioner in the absence of enforcement action against the server. The trial court reversed the decision of the mlcc Appeal Board, finding that, pursuant to MCL 436.1701(4), enforcement action against a licensee was prohibited if the employee of the licensee who served the alcohol to the minor was twenty-one years of age or older and was not also subjected to enforcement action. The trial court also found, however, that the statute permitted enforcement action against the licensee if the server was less than twenty-one years of age. Because the bartender’s age was not made a part of the record, the trial court remanded the case for this factual determination.
 

 n. STANDARD OF REVIEW
 

 We are required to engage in statutory interpretation in order to determine whether enforcement action may be taken against petitioner under MCL 436.1701(4) when enforcement action was not also taken against petitioner’s employee who sold or furnished the alcoholic liquor to the minor. Matters of statutory interpretation are questions of law, which we review under a de novo standard of review.
 
 Robertson v Daimler Chrysler Corp,
 
 465 Mich 732, 738-739; 641 NW2d 567 (2002).
 

 
 *461
 
 m. ANALYSIS
 

 MCL 436.1701 provides in pertinent part:
 

 (4) If the enforcing agency involved in the violation is the state police or a local police agency, a licensee shall not be charged with a violation of subsection (1) or section 801(2) unless enforcement action ... is taken against the minor who purchased or attempted to purchase, consumed or attempted to consume, or possessed or attempted to possess alcoholic liquor
 
 and, if applicable, enforcement action is taken under this section against the person 21 years of age or older who sold or furnished the alcoholic liquor to the minor. . . .
 
 However, this subsection does not apply under any of the following circumstances:
 

 (c) The violation of subsection (1) is the result of an undercover operation in which the minor purchased or received alcoholic liquor under the direction of the state police, the commission, or a local police agency as part of an enforcement action. However, any initial or contemporaneous purchase or receipt of alcoholic liquor by the minor shall have been under the direction of the state police, the commission, or the local police agency and shall have been part of the undercover operation. [Emphasis added.]
 

 It is clear from the plain language of the statute that subsection 701(4) generally does not permit enforcement action to proceed against a licensee for improper service of alcohol to a minor unless enforcement action has also been taken against the person who served the alcohol. It is also clear from the plain language of subsection 701(4)(c) that when the minor who was impermissibly served is part of an undercover operation at the time the minor is served, an exception to the general rule applies and enforcement action against the server is not required in order
 
 *462
 
 to proceed with enforcement action against the licensee.
 

 Applying the statute to the facts in the present case, we find that the trial court correctly interpreted the statute in connection with the enforcement action related to the service of alcohol to Minor #2, but erroneously interpreted the statute in connection with the enforcement action for improper service of alcohol to Minor #1. Because the service of alcohol to Minor #1 occurred in connection with an undercover operation, the requirement that enforcement action also be taken against the server was not applicable under the plain language of the statute. In contrast, because the impermissible service of alcohol to Minor #2 did not occur as the result of an undercover operation, but was only
 
 discovered
 
 because of the undercover operation, enforcement action
 
 was
 
 required to be taken against the server if the server was twenty-one years of age or older. With regard to the action against petitioner involving Minor #2, then, the trial court correctly concluded that remand to the hearing referee was necessary for a determination whether the server was twenty-one years of age or older before it could be determined whether enforcement action on this count against the petitioner was permitted or prohibited.
 

 On the basis of the foregoing analysis, we reverse the trial court’s ruling that enforcement action was prohibited against petitioner for service of alcohol to Minor #1, but affirm the finding of the trial court to the extent its order remanded the matter to the hearing referee for a determination of the age of the bartender who served alcohol to Minor #2.
 

 
 *463
 
 Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.
 

 [1]
 

 We note that the charges in this case were filed against petitioner on March 6, 1998, pursuant to MCL 436.22(3) and MCL 436.33 of the Michigan
 
 *458
 
 Liquor Control Act. The Michigan Liquor Control Act was repealed and replaced with the Michigan Liquor Control Code of 1998, which was given immediate effect on April 14, 1998. MCL 436.1801(2) of the new code is identical with the former MCL 436.22(3). Similarly, MCL 436.1701(4) is identical with the former MCL 436.33. The hearing referee who rendered findings on the charges did so under the new provisions of the Michigan Liquor Control Code, the more recent enactment. However, the mlcc Appeal Board issued findings with citation to the prior, repealed act. The trial court order now on appeal rendered findings with citation to both acts somewhat interchangeably. Because the provisions at issue are identical under the two enactments, we cite in this opinion the provisions of the current act.