DETROIT FIRE FIGHTERS ASSOCIATION v CITY OF DETROIT

Docket No. 266654. Submitted May 2, 2006, at Detroit. Decided May 9, 2006. Approved for publication June 29, 2006, at 9:05 a.m. Leave to appeal granted, 477 Mich ___.

The Detroit Fire Fighters Association brought an action for injunctive and declaratory relief in the Wayne Circuit Court after the city of Detroit announced, while compulsory arbitration proceedings were ongoing, a proposal for layoffs within and restructuring of the fire department. The trial court, Susan D. Borman, J., found that the proposal implicated mandatory subjects of bargaining under the public employment relations act (PERA), MCL 423.201 *et seq.*, and enjoined the defendant from implementing its proposal before the arbitration proceedings were complete. The defendant appealed.

The Court of Appeals *held*:

1. The trial court did not abuse its discretion in granting the injunction because, while layoff decisions themselves are not a mandatory subject of bargaining, the impact of the layoff decisions is a mandatory subject of bargaining to the extent the layoffs relate to workload and safety. Testimony established that a factual question existed with respect to whether the proposed restructuring and layoffs would affect the workload or safety of the remaining employees.

2. The defendant did not have the authority to unilaterally implement its restructuring proposal during arbitration proceedings because the proposal had the potential to affect the workload or safety of the employees and the scope of the proposal exceeded the defendant's express authority under the collective bargaining agreement.

Affirmed.

1. LABOR RELATIONS — PUBLIC EMPLOYMENT RELATIONS ACT — MANDATORY SUBJECTS OF BARGAINING.

Where proposed restructuring and layoffs may affect the workload or safety of working conditions for the remaining employees, those proposals are mandatory subjects of bargaining under the public employment relations act (MCL 423.201 *et seq.*).

2. LABOR RELATIONS — PUBLIC EMPLOYMENT RELATIONS ACT — MANDATORY
   SUBJECTS OF BARGAINING — UNILATERAL MODIFICATION.

    An employer may not unilaterally implement a restructuring plan
    that exceeds its express authority or has the potential to affect the
    workload or safety of its employees while compulsory arbitration
    proceedings are pending (MCL 423.231).

*Helveston & Helveston, P.C.* (by *Ronald R. Helveston*
and *Mindy M. Schwartz*), for the plaintiff.

*Bruce A. Campbell, Nancy Ninowski,* and *Valerie A.
Colbert-Osamuede,* for the defendant.

Before: SCHUETTE, P.J., and BANDSTRA and COOPER, JJ.

COOPER, J. Defendant appeals as of right the grant of
an injunction in favor of plaintiff, in accordance with
MCL 423.243, forestalling implementation of defendant's 2005-2006 budgetary plan necessitating firefighter layoffs and restructuring of the Detroit fire
department. We affirm.

The Detroit Fire Fighters Association ("DFFA") and
the City of Detroit ("City") are parties to a collective
bargaining agreement ("CBA") that expired on June 30,
2001, and are parties to a compulsory arbitration proceeding to establish a successor agreement, pursuant to
MCL 423.231 (commonly known as Act 312). The
existing CBA is to remain in effect pending the outcome
of the arbitration. Responding to its current budget
crisis, the City on July 1, 2004, compelled layoffs of
some firefighters and announced some restructuring of
the fire department. In September, 2005, the City
announced a proposal for additional layoffs and restructuring to address budget concerns. DFFA responded,
the parties conferred but were unable to agree, and
DFFA initiated the instant litigation, requesting declaratory and injunctive relief requiring the City to

await the outcome of the ongoing arbitration proceedings before making any changes to the status quo. The trial court issued the injunction, finding that implementation of the City's proposal "may implicate mandatory provisions of collective bargaining, namely the impact on [sic] the Plan on the hours and conditions of employment (including the safety) of the members of the plaintiff." Defendant filed this appeal.

Defendant first argues that layoffs are permissive rather than mandatory subjects of bargaining, and the court therefore erred in granting injunctive relief based on section 13 of Act 312 (MCL 423.243).

A trial court's grant or denial of a temporary injunction is reviewed for abuse of discretion. *Michigan Coalition of State Employee Unions v Civil Service Comm*, 465 Mich 212, 217; 634 NW2d 692 (2001). To the extent that this issue pertains to the interpretation and enforcement of MCL 423.243, it presents a question of law that this Court reviews de novo. *Shorecrest Lanes & Lounge, Inc v Liquor Control Comm*, 252 Mich App 456, 460; 652 NW2d 493 (2002).

The public employment relations act ("PERA"), MCL 423.201 *et seq.*, governs labor relations in the area of public employment. PERA imposes a duty on employers and unions to collectively bargain on matters comprising "mandatory subjects of bargaining." *Detroit v Michigan Council 25, AFSCME,* 118 Mich App 211, 215; 324 NW2d 578 (1982). A mandatory subject of bargaining is one that imposes a significant or material impact on "wages, hours and other terms and conditions of employment." MCL 423.215(1); *Southfield Police Officers Ass'n v Southfield,* 433 Mich 168, 177; 445 NW2d 98 (1989).

The existing CBA between the parties reserves to the City "the right to lay off personnel for lack of work or

funds; [sic] or for the occurrence of conditions beyond the control of the Department." (CBA, 2D). The parties here agree that layoff decisions themselves are not a mandatory subject for bargaining. However, our Supreme Court has found that "[w]hile the initial decision to lay off is not a mandatory subject of bargaining, the impact of that decision is an issue for bargaining." *Metropolitan Council No 23, AFSCME v City of Center Line*, 414 Mich 642, 661; 327 NW2d 822 (1982). In reaching this conclusion, the Court specifically referred to cases where layoff proposals were bargainable to the extent that they related to workload and safety. *Id.* at 662.

In *Center Line*, the Court noted an opinion of the Wisconsin Supreme Court that found the effects of layoffs to be a mandatory subject of bargaining by reasoning that:

> "A reduction in the total work force caused by the economically motivated layoffs will affect the number of employees assigned to a particular shift and thus alter their individual fire fighting responsibilities. Therefore, there is a primary relation between the impact of the lay off decision and the working conditions of the remaining unit employees." [*Id.* at 663 (citation omitted).]

While the Court found that case factually distinguishable from its own facts in *Center Line*, we find it directly applicable here.

The trial court determined that a question of fact existed as to safety for firefighters if the proposed layoffs and restructuring were implemented. The trial court took testimony on how response times to fires would be affected, safety concerns pertaining to firefighters having to travel greater distances to fire scenes, the potential for increased risk where these delays exacerbated the fires, the impact on availability of

personnel to meet the four-person-per-rig mandate, and the requirement that less-senior officers would manage fire scenes because of the reduction in the number of battalion chiefs and their duty reassignments.

We agree with the trial court and hold that where, as here, proposed layoffs and restructuring may impact the safety of working conditions for firefighters, those proposals are mandatory subjects of bargaining.

Defendant next argues that the CBA reserves to the City the right to restructure the fire department if necessary: "It is not the intent of this Article to restrict, interfere with, prevent or hinder the City from carrying out its duties and responsibilities to the public well being . . . ." (CBA, 14). However the provision defendant relies on includes two other relevant clauses: it begins by establishing that "[w]ages, hours, and conditions of employment legally in effect on the effective date of this agreement shall . . . be maintained during the term of this Agreement"; it ends with the caveat that the City's rights are "subject to the City's obligations under PERA and other laws." *Id.*

As a threshold matter, section 15 of PERA defines matters of "wages, hours, and other terms and conditions of employment" as mandatory subjects of bargaining. MCL 423.215(1). The CBA plainly balances the City's management prerogatives against the requirements of PERA, and PERA here clarifies that conditions of employment are not subject to unilateral change. See *Ishpeming Supervisory Employees' Chapter of Local 128 v City of Ishpeming,* 155 Mich App 501, 509; 400 NW2d 661 (1986) (Once a subject is defined as a mandatory subject of bargaining, "neither party may take unilateral action on the subject absent an impasse in negotiations.").

The City further argues that, in any event, the proposed restructuring does not alter staffing of firefighters at the scene, so injunctive relief was inappropriate. However, as defendant admitted in its answer to plaintiff's complaint, defendant's restructuring plan will require whichever firefighter is the "senior member" at the scene to "act in the supervisory capacity," including handling the role of battalion chief in managing fire scenes. Defendant contends this is not an unusual practice at "less complex fires" and does not preclude firefighters from calling a battalion chief to a scene if needed. Defendant contends restructuring of the fire department is a matter exclusively within its control because it involves its obligation to insure public safety. Even if such an assertion is correct, it "does not alter the fact that the decision will have a significant impact on the fire fighters' employment." *Plymouth Fire Fighters Ass'n v City of Plymouth,* 156 Mich App 220, 223; 401 NW2d 281 (1986). And this Court has previously found, where restructuring of work responsibilities was necessary after laying off some workers, that "the decision to transfer work in pursuit of a legitimate reorganization effort was not a mandatory subject of bargaining, but the impact of that decision was an issue for bargaining." *Ishpeming, supra* at 508.

Defendant argues the CBA allows for assigning employees "on a temporary basis to perform the duties of a higher classification." However, defendant's restructuring plan indicates that a firefighter of any rank might be called upon to assume the duties of a battalion chief, and the list of temporary assignments in the CBA allows for firefighters to perform tasks only one grade above their rank. (CBA, 17A). The scope of change proposed by defendant exceeds its express authority as

outlined in the CBA. This Court has ruled that "where an employer institutes a practice not expressed in the collective bargaining agreement, the practice may constitute a term of employment which is not subject to unilateral change." *Plymouth Fire Fighters Ass'n, supra* at 224.

Plaintiff's claims fall into two separate causes of action: first, a claim under Act 312, MCL 423.231 *et seq.*, based on defendant's unilateral actions during the pendency of ongoing arbitration; second, under PERA, MCL 423.201 *et seq.*, based on defendant's statutory obligation to bargain on mandatory bargaining subjects. To succeed on either claim, plaintiff must establish that defendant has failed to bargain on a mandatory bargaining subject. We reiterate that "while manpower issues are not mandatory subjects of bargaining and therefore cannot be compelled in an arbitration award, there is a duty to bargain over the impact of manpower decisions to the extent that they relate to workload and safety." *City of Sault Ste Marie v Fraternal Order of Police Labor Council,* 163 Mich App 350, 356; 414 NW2d 168 (1987). We further note that the bare assertion of an effect on workload and safety is insufficient; some evidence must support the assertion that manpower and staffing changes will impact safety. *Id.* Here the trial court heard testimony on the impact of defendant's proposed layoff and restructuring plan on firefighter safety and work conditions. The court found the evidence established "serious issues of fact" as to whether the proposed changes would impact safety, working conditions and working hours, so the proposed changes were subjects of mandatory bargaining, and defendant could not therefore make these unilateral alterations while the parties are engaged in compulsory arbitration. We agree and find Act 312 and

PERA were properly applied and injunction correctly granted.

Affirmed.