*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

UNIVERSITY OF MICHIGAN REGENTS,

        Appellee,

and

UNIVERSITY OF MICHIGAN PROFESSIONAL
NURSE COUNCIL INDEPENDENT UNION,

        Petitioner-Appellee,

v

MICHIGAN NURSES ASSOCIATION and
UNIVERSITY OF MICHIGAN PROFESSIONAL
NURSE COUNCIL,

        Appellants.

UNPUBLISHED
July 21, 2022

No. 358147
MERC
LC No. 21-C-0630-RC

Before: MARKEY, P.J., and BOONSTRA and RIORDAN, JJ.

PER CURIAM.

        Appellants Michigan Nurses Association (MNA) and University of Michigan Professional Nurse Council (UMPNC)[1] appeal as of right a July 13, 2021 decision and direction of election of the Michigan Employment Relations Commission (MERC) concluding that a question of representation existed within the meaning of Section 12(a)[2] of the public employment relations act

---

[1] We refer to appellants MNA and UMPNC, collectively, as one entity named MNA-UMPNC to distinguish them from petitioner-appellee University of Michigan Professional Nurse Council Independent Union (UMPNC-Independent).

[2] MCL 423.212(a).

(PERA), MCL 423.201 *et seq.*, and directing an election among the bargaining unit of professional nurses at the University of Michigan. For the reasons discussed, we dismiss the appeal as moot.[3]

This case involves a dispute between MNA-UMPNC and petitioner-appellee University of Michigan Professional Nurse Council Independent Union (UMPNC-Independent) regarding which entity will serve as the representative for the bargaining-unit nurses at the University of Michigan. MNA-UMPNC maintained during the proceedings with MERC (and again on appeal) that UMPNC-Independent failed to make a showing of interest to support its petition for a representative election. MNA-UMPNC argues that the membership application cards did not refer to UMPNC as an "independent union" and therefore were confusing. MNA-UMPNC does not dispute the fact that the election occurred in September 2021, and MNA-UMPNC prevailed. Therefore, we take judicial notice of the election results. See MRE 201.

Amicus curiae MERC argues that the results of the election render the issues presented on appeal moot.[4] UMPNC-Independent similarly argues that because the election occurred, the showing of interest issue is irrelevant. We agree that the appeal is moot.

This Court reviews de novo whether an issue is moot. *Garrett v Washington*, 314 Mich App 436, 449; 886 NW2d 762 (2016). The question whether an issue is moot is a threshold issue that this Court must decide before reaching the substantive issues. *Can IV Packard Square, LLC v Packard Square, LLC*, 328 Mich App 656, 661; 939 NW2d 454 (2019). This Court will not decide moot issues. *Garrett*, 314 Mich App at 449. An issue is moot if this Court's decision "cannot for any reason have a practical legal effect on the existing controversy." *Id*. (quotation marks and citation omitted). " 'An issue becomes moot when a subsequent event renders it impossible for the appellate court to fashion a remedy.' " *Id*. at 450, quoting *Kieta v Thomas M Cooley Law Sch*, 290 Mich App 144, 147; 799 NW2d 579 (2010). See also *League of Women Voters of Mich v Secretary of State*, 506 Mich 561, 591; 957 NW2d 731 (2020) ("The party's interest must persist as the case goes forward—if it does not, the case becomes moot.").

We conclude there is no meaningful relief that this Court can provide because the election already occurred, after MNA-UMPNC appealed MERC's decision, and MNA-UMPNC prevailed. MNA-UMPNC characterizes the issue on appeal as whether MERC complied with PERA by conducting the election without engaging in any fact-finding on the required showing of interest. This appeal is therefore limited to the issue of whether MERC erred by permitting the election. The election occurred in September 2021, after MNA-UMPNC appealed. MNA-UMPNC

---

[3] We note at the outset that the parties dispute whether this Court has jurisdiction to review the issues pursuant to MCL 423.216. However, the parties acknowledge that this Court may have jurisdiction under Const 1963, art 6, § 28. We agree that we have jurisdiction to decide this appeal under Const 1963, art 6, § 28. See *Hepler v State Dep't of Labor*, 64 Mich App 78, 85-86 & n 8; 235 NW2d 161 (1975).

[4] This Court granted leave for MERC to file an amicus curiae brief. *Univ of Mich Regents v Mich Nurses Ass'n*, unpublished order of the Michigan Court of Appeals, entered August 27, 2021 (Docket No. 358147).

prevailed. We therefore cannot fashion a remedy to address the controversy. This appeal has become moot.[5]

MNA-UMPNC argues that an exception to the mootness doctrine applies because the issue is publicly significant and likely to recur while evading judicial review. We disagree.

However, we do agree that an exception to the mootness rule exists when an issue is moot but is "of public significance and is likely to recur, yet may evade judicial review." *Gleason v Kincaid*, 323 Mich App 308, 315; 917 NW2d 685 (2018) (cleaned up). In support of its argument that we should consider this moot matter, MNA-UMPNC relies, primarily, on this Court's decision in *Barrow v Detroit Election Comm*, 305 Mich App 649; 854 NW2d 489 (2014) (*Barrow II*), and similar decisions. In *Barrow II,* the plaintiffs sued the Detroit Election Commission regarding certain procedures used during the 2013 election season, including (1) the process for counting write-in votes, (2) the adequacy of the absentee ballots and the procedure for their circulation, and (3) the arrangements for the satellite absentee voting sites. *Id*. at 654-659. This Court concluded that the issues were reviewable notwithstanding that the 2013 election season was completed because the election requirements for write-in candidacy and the absentee ballot procedures used in the Detroit general elections were issues of great public significance, and were likely to evade judicial review (despite the capability of repetition) because of the short timeframe for the elections. *Id*. at 660.

This case is not *Barrow II* or the similar decisions cited by MNA-UMPNC. The election in *Barrow II*, for example, was a city-wide election for mayor. In contrast, this matter involves a fact-specific dispute between an independent union and a statewide association of unions. The scope of the election was limited to the bargaining unit of professional nurses at the University of Michigan. The specific issue MERC addressed was the confusion caused by the similarity between the names of the two competing unions. As even MNA-UMPNC acknowledges in its response to MERC's brief on appeal, the circumstances in this case were extraordinary. As such, we must conclude the factual circumstances are not publicly significant, nor are they likely to bear repetition while escaping judicial review.

This case can also be distinguished from *Plymouth Fire Fighters Ass'n, Local 1811, IAFF, AFL-CIO v Plymouth*, 156 Mich App 220; 401 NW2d 281 (1986), and its progeny. In *Plymouth*, the issue was whether the city of Plymouth had engaged in an unfair labor practice by subcontracting ambulance work to a private agency. *Id*. at 222. This Court held that the issue was not moot, even though the city of Plymouth restored the charging parties' positions, because certain issues would continue to negatively affect the charging parties. *Id*. We conclude, however, that *Plymouth* is distinguishable from this matter because *Plymouth* did not involve a representative election or a showing of interest, each of which are events unlikely to affect MNA-

---

[5] Moreover, because MNA-UMPNC prevailed in the election, it is arguably not an "aggrieved party" for the purposes of standing on appeal. See *Federated Ins Co v Oakland Co Rd Comm'n*, 475 Mich 286, 291-292; 715 NW2d 846 (2006).

UMPNC after the election. Also, unlike the charging parties in *Plymouth*, MNA-UMPNC arguably is no longer aggrieved because it prevailed in the election.

MNA-UMPNC also contends that it incurred significant expenses because of the election, and that its bargaining rights were curtailed while the election was pending. It argues that the nurses in the bargaining unit were subject to "division and uncertainty" because of the election order. But MERC's decision related solely to the issue of whether the representative election should proceed. MNA-UMPNC did not request damages in its motion to dismiss, nor does it present any authority suggesting that it was entitled to any kind of reimbursement. Therefore, MNA-UMPNC's claim that it incurred costs and other ramifications because of the election does not impact whether the appeal is moot. For these reasons, we conclude that this appeal is moot and dismiss it as such.

Because we issue no substantive ruling, neither party may tax costs pursuant to MCR 7.219.


/s/ Jane E. Markey
/s/ Mark T. Boonstra
/s/ Michael J. Riordan